[Civ. No. 231.   Second Appellate District.—April 11, 1906.]

## JAMES H. WOODS, Respondent, v. J. M. KELLERMAN, Appellant.

ACTION TO QUIET TITLE—EXECUTION SALES—INVERSE ORDER OF LIENS—REDEMPTION UNDER FIRST SALE—SUBORDINATION OF TITLE.—Where the plaintiff in an action to quiet title became the purchaser under execution sales made upon liens in the inverse order of their priority, and acquired title under all sales except the one first made on the latest lien, under which defendant made redemption and acquired a redemptioner's deed, such deed merely passed the interest of the judgment debtor as of the date of the judgment lien under which it was acquired, which was subject to all prior liens then existing; and defendants' title so acquired was subordinate to the title acquired by the plaintiff under the subsequent sales.

ID.—RECEIPT OF REDEMPTION MONEY BY PLAINTIFF NOT AN ESTOPPEL. The plaintiff was not estopped, by the receipt and retention of the redemption money paid by defendant to redeem from the first sale, to deny the validity of the redemption, or its sufficiency to pass a complete title to the property as against the plaintiff.   The redemption being valid, since plaintiff held no liens prior to that on which the first sale was made, and before the redemption all prior liens had been satisfied by subsequent sales, there is no necessity of invoking the doctrine of estoppel to sustain it.

ID.—EFFECT OF FIRST SALE UNDER JUNIOR EXECUTION.—Although, in some states, where there are several executions in the hands of the sheriff, any sale made under a junior execution is in effect a sale under all the executions, and the money is to be credited on the several liens in the order of their priority; yet according to the better opinion, in the majority, the senior liens, whether existing by judgment or otherwise, are not impaired by the sale, and the majority rule obtains in this state.

ID.—AGREEMENT FOR SALES SUBJECT TO ENCUMBRANCES.—Where it is understood and agreed between the parties in interest and the purchaser that he will take the property subject to prior encumbrances, the prior lienholders will retain their liens against the property; and one who redeems with full notice of such arrangement cannot by his redemption acquire any additional rights.

ID.—AGREEMENT FOR SEVERAL SALES AND DISTRIBUTION OF FUND—SINGLE TRANSACTION.—Where the several sales were made under an arrangement between the several judgment creditors for the distribution of the fund to be produced by such sales between them, they should be viewed as one transaction.

ID.—MISTAKE OF LAW BY DEFENDANT—CONDITION OF RELIEF TO PLAINTIFF—RETURN OF REDEMPTION MONEY.—Where, independently of the arrangement made between plaintiff as purchaser and the several judgment creditors, the title first sold under the junior lien and acquired by defendant was of no value, and he would not have made the redemption but for the mistaken view of the law that he was acquiring a paramount title, under the circumstances of the case, the plaintiff should not have taken advantage of his mistake of law, and have taken the redemption money from the sheriff; and he should be required, as a condition of relief, to repay to defendant the amount paid for redemption, with interest.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

Curtis & Curtis, for Respondent.

SMITH, J.—This is a suit to quiet title to real property described in the complaint. The complaint is in the ordinary form. The defendant in his answer deraigns title under an execution sale to plaintiff of date February 3, 1903, in a suit of the *Southern California Lumber Company* v. *Columbia Mining and Milling Company,* the then owner of the property, and a subsequent redemption by him of date February 2, 1904, as judgment creditor in a judgment of date January 12, 1904, against the same defendant, which redemption has become final. The amount paid in redemption was $408.13; which sum was received by the plaintiff from the sheriff and is still retained by him.

The facts of the case appear from a written stipulation of the parties, from which the court finds, as conclusion of law, in favor of the plaintiff. Judgment was entered accordingly, and the defendant appeals.

From the stipulation it appears that at the time of the execution sale, February 3, 1903, the sheriff had in his hands the following executions against the Columbia Mining and Milling Company, the then owner of the property, showing several judgment liens against the property, with their dates and the parties in whose favor they were, to wit: 1. Judgment **of**

Harper & Reynolds upon attachment levied February 13, 1902, for the sum of $4,038; 2. Judgment of B. H. Dennis on attachment levied February 17, 1902, for the sum of $446.88; 3. Judgment of Gregory Perkins on attachment levied February 17, 1902, for $2,775.35; 4. Judgment of G. S. Welch, docketed April 16, 1902, for the sum of $465.93; 5. Judgment of the Southern California Lumber Company, docketed April 17, 1902, for the sum of $240.16.

Several sales of the property was made by the sheriff—the sales being made in the inverse order of the dates of the liens; and in each sale the plaintiff became the purchaser for the several sums mentioned in the stipulation, aggregating $4,398.14.

The first sale was made under the execution in favor of the Southern California Lumber Company, which is the sale from which the defendant redeemed. The amount paid in redemption by him was the sum of $408.13; which was received by the plaintiff from the sheriff, as already stated.

Subsequently, the time for redemption having expired, deeds of conveyance were made to the plaintiff by the sheriff in pursuance of each of the other sales—all of date March 23, 1904.

The points urged by appellant for reversal are: 1. "That by accepting the said payment (i. e., the redemption money) and retaining the money received thereon, the plaintiff is estopped to deny that the redemption was complete and the property thereby freed from all prior liens to defendant's judgment held by plaintiff as purchaser of said property"; 2. That "the first sale passed the title to the property."

With regard to the first point, the position of the defendant seems to be that the plaintiff was entitled, as a condition of the redemption, to receive either the amounts of the several judgments under which he had purchased, or the amounts of the several items of purchase money, or some other sum not specified in addition to the purchase money, with percentage, etc., of the first sale, and that having received a lesser amount, he is estopped to deny the validity of the redemption, or its sufficiency to pass a complete title to the property. But we can see no ground for this contention. The plaintiff, at the time of the redemption, had no liens on the property prior to the judgment under which the sale took place, and the liens of the several judgment creditors had been satisfied by the several

sales. (*Pollard* v. *Harlow,* 138 Cal. 390, [71 Pac. 454, 648].) There can be no doubt, therefore, of the validity of the defendant's redemption; nor is there any necessity of invoking the doctrine of estoppel to sustain it. But the interest thereby acquired by him was merely the interest of the judgment debtor at the time of the accrual of the lien under which the land was sold. The title acquired, therefore, was subject to the prior liens then existing and subordinate to the title acquired by the plaintiff under the subsequent sales. (*Littlefield* v. *Nichols,* 42 Cal. 374; *Hibberd* v. *Smith,* 67 Cal. 566, [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46]; *Meherin* v. *Saunders,* 131 Cal. 688, [63 Pac. 1084]; Freeman on Judgments, sec. 377.)

The second point made by the appellant seems to be based upon the propositions: That where there are several executions against the same property in the hands of the sheriff, any sale made by the sheriff, though under a junior execution, is, in effect, a sale upon all the executions; and that the money is to be credited on the several liens in the order of their priority. This, from the authorities cited, seems to be the law in some states; but, according to the better opinion, "in the majority, the senior liens, whether existing by judgment or otherwise, are not impaired by the sale." And even in those states where a different rule obtains, it is said: "If it be understood and agreed between the parties in interest and the purchaser that he will take the property subject to prior encumbrances, this agreement will be enforced, the judgment creditor making the sale will be entitled to the proceeds, and the prior lien-holders will retain their liens against the property." (Freeman on Executions, sec. 338.) The majority rule, we think, obtains in this state; but, if otherwise, the case would clearly come within the exception stated. For here the sale seems to have been made by an arrangement to which all the parties to the immediate transaction assented; and we do not doubt as to them the sales were valid as made. The defendant redeemed with full notice of this arrangement and did not by his redemption acquire any additional rights.

The several sales, it may be inferred from the facts stipulated, were made under some arrangement between the several judgment creditors, the effect of which was to distribute among them the fund to be produced by the sales. They should be

viewed, therefore, as one transaction, for otherwise all the first four sales would be subordinate to the last. Hence, independently of this arrangement, the title sold under the junior lien was, in view of the amount of the prior liens, of no value; nor do we suppose the defendant would have redeemed from it, had he not supposed, under the view of the law entertained by him, that he could acquire a title paramount to that of the purchasers at the other sales. In this he is entitled to but little sympathy; but we do not think, under the circumstances of the case, that the plaintiff should have taken advantage of his mistake of the law and taken the money from the sheriff. (Civ. Code, sec. 1578, subd. 2.) Each party, indeed, seems to have aimed to obtain an advantage against the other to which he was not entitled; and under these circumstances we are of the opinion that the plaintiff is entitled to the relief granted him by the court only upon the condition of repaying to the defendant the amount paid by the latter for redemption, with interest from the date of its payment (*Baird* v. *Monroe et al.*, 2 Cal. App. Dec. 365); and that the judgment should be modified accordingly.

It is therefore ordered that the cause be remanded, with directions to the lower court to modify its judgment in accordance with the view above expressed; and that as thus modified the judgment shall stand affirmed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1906.