[Civ. No. 3728. First Appellate District, Division One.—April 26, 1921.]

HARRY N. STETSON, Respondent, v. M. SHEEHAN, as Sheriff, etc., et al., Appellants.

[1] JUDGMENT—APPEAL BY PREVAILING PARTY—FILING OF TRANSCRIPT OF DOCKET IN ANOTHER COUNTY—RIGHT OF APPELLANT.—An appeal taken by a plaintiff from a money judgment in his favor does not have the effect, under section 949 of the Code of Civil Procedure, of staying proceedings upon such judgment so as either to

deprive the plaintiff of the benefit of his lien acquired by the docketing of the judgment upon any property of the judgment debtor, or of the right to file for record a transcript of the docket in another county under section 674 of such code, and by so doing acquire the lien of a judgment creditor upon any property which the debtor might own in the latter county.

[2] APPEAL—STAY OF PROCEEDINGS—CONSTRUCTION OF SECTION 949, CODE OF CIVIL PROCEDURE.—The stay given by section 949 of the Code of Civil Procedure in the event of appeal is effectual only as to the judgment in so far as it affects the appellant, and requires him to do something or permitting something to be done as to him.

[3] JUDGMENT—FILING OF TRANSCRIPT IN ANOTHER COUNTY—PEND- ENCY OF APPEAL—RIGHT OF REDEMPTION FROM EXECUTION SALE IN DIFFERENT ACTION.—Where a plaintiff obtained a money judgment and took an appeal therefrom without executing any undertaking and pending the appeal filed a transcript of the docket of the judgment in another county, he was entitled to exercise the rights of a redemptioner given under section 701 of the Code of Civil Procedure as to property of the judgment debtor in such county which had been sold under execution in a different action.

[4] APPEAL—JUDGMENT UPON AGREED STATEMENT—DIFFERENT CON- CLUSION BY APPELLATE COURT—PROCEDURE—DIRECTION FOR ENTRY OF PROPER JUDGMENT.—Where an action was submitted to the trial court upon an agreed statement of facts and it was stipulated that in the event the court found that a redemption of property from an execution sale was duly made the plaintiff should be en- titled to a judgment for a stated sum and no more, and the trial court found that there was no redemption, the appellate court upon a contrary finding will not order a new trial, but will reverse the judgment and remand the cause with directions to enter judgment in conformity with its finding.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

J. J. Lerman and Ross & Ross for Appellants.

Thomas C. Jordan, Wright & Wright & Stetson and A. Kincaid for Respondent.

RICHARDS, J.—This action was submitted to the trial court upon an agreed statement of facts, of which the fol- lowing is a brief but sufficient summary:

On or about January 11, 1918, in an action pending
in the county of San Mateo, wherein George O. Rich
was plaintiff and Micajah Cross and Moss Beach Realty
Company, a corporation, were defendants, a judgment was
made and entered in favor of said plaintiff for the recovery
against the defendants of the sum of $1,025.94. Thereafter
and on January 14, 1918, an execution duly issued upon
such judgment, and was delivered to the sheriff of said
county, who proceeded to make a levy thereunder upon
certain real estate then belonging to the said Moss Beach
Realty Company within said county; and thereafter and
on February 18, 1918, an execution sale was had under said
writ and the levy thereof, at which said sale the right, title,
and interest of the said Moss Beach Realty Company in said
property so levied upon was sold to one Thomas C. Jordan
as the highest and best bidder therefor, who thereupon paid
to the said officer conducting said sale the sum of $1,080 in
cash, being the whole amount of said judgment with accrued
costs, and thereupon and on February 18, 1918, a certificate
of sale of said property was duly issued to such purchaser
and filed for record in the office of the county recorder of
said county. Thereafter and on February 20, 1918, said
Thomas C. Jordan transferred said certificate of sale and
all of his rights in said property acquired thereunder to
Harry N. Stetson, the respondent in the present case.
Thereafter said George O. Rich commenced another action
in the superior court of the city and county of San Fran-
cisco against the said Moss Beach Realty Company to re-
cover certain sums of money alleged to be due as commis-
sions upon the sale of certain properties of said corporation,
in which action a judgment was made and entered on Sep-
tember 20, 1918, in favor of said George O. Rich for the
sum of $311.43 and costs. Thereafter and on November
18, 1918, the said plaintiff therein, George O. Rich, being
dissatisfied with the amount of said judgment in his favor,
took an appeal therefrom and from the whole thereof to the
supreme court by the alternative method provided for taking
appeals, filing no bond of any kind upon such appeal. This
appeal was transferred by the supreme court to division
two of this court, where it was still pending and undeter-
mined at the time of the institution, trial, and appeal of
the present case. After having taken and perfected said

appeal, and on February 17, 1919, the said George O. Rich procured from the clerk of the superior court of the city and county of San Francisco a certified transcript of the original docket of the said judgment, which transcript he caused to be filed with the recorder of the county of San Mateo, and having so done he proceeded to give written notice of redemption of the property of the said Moss Beach Realty Company sold to said Thomas C. Jordan under said former judgment and execution sale, at the same time paying to the sheriff the sum required to consummate said redemption, and otherwise doing all of the acts required by the statute to effectuate such redemption. Thereafter and after the expiration of the time for any further redemption of said property, and on or about April 23, 1919, the said sheriff, upon his demand therefor, made, executed, and delivered to said George O. Rich, as such redemptioner, his sheriff's deed, wherein he attempted to convey to said George O. Rich all of the right, title, and interest of the Moss Beach Realty Company in and to said property affected by such redemption; and thereafter and on the same date the said George O. Rich and Mary A. Rich, his wife, made, executed, and delivered to one Hall C. Ross their deed to said premises, which deed said Hall C. Ross received and took with full knowledge of all of the matters and proceedings whereby the said George O. Rich had acquired whatever right, title, and interest he undertook to convey by said deed. Thereafter and on May 13, 1919, plaintiff herein, Harry N. Stetson, as the transferee and successor in interest of said Thomas C. Jordan, the original purchaser at said execution sale, commenced the present action against said Sheehan, as the sheriff as aforesaid, and also against George O. Rich and Mary A. Rich, his wife, and Hall C. Ross, the grantee under their aforesaid deed, wherein said plaintiff sought to have a decree entered compelling said sheriff to execute and deliver to him a deed to the premises in question under said original execution sale, and to further have it declared that said George O. Rich and his said wife, and also their said grantee, Hall C. Ross, had no right, title, interest, or estate in said property, and to have the aforesaid attempted redemption of said property by said George O. Rich canceled and all subsequent acts done by him thereunder declared null and void.

This case came to trial upon an agreed statement of facts of which the foregoing is a summary, at the conclusion of which the trial court adopted the said agreed statement of facts as its findings of fact, and as its conclusions of law based thereon found that ''the defendant Rich having appealed from the San Francisco judgment the transcript of the original docket of that judgment before the appeal was determined gave him no rights; hence judgment will be entered for plaintiff as per stipulation herein.''

The judgment followed in practically the form of the prayer of the complaint adjudging the attempted redemption of the premises in question by said Rich to have been ineffectual, and the sheriff's deed to him to have been void, and hence also his conveyance of the premises to said Ross, and directing the said sheriff to execute a deed of said property to the plaintiff Stetson as the successor in interest of said Thomas C. Jordan, the original purchaser of the premises at said execution sale. The defendants have prosecuted this appeal from said judgment.

Two questions are presented and discussed upon this appeal. The first of these is as to whether said George O. Rich, as the plaintiff and judgment creditor or in the case of *George O. Rich* v. *Beach Realty Co.* in the superior court of the city and county of San Francisco, having himself taken and prosecuted an appeal from such judgment, was entitled to have issued to him while said appeal was pending the certified transcript of the docket of said judgment, and was entitled to file the same for record in the county of San Mateo. It is the contention of the respondent herein that the effect of the appeal of Rich from said judgment was to create a stay of proceedings upon such judgment within the meaning and effect of section 949 of the Code of Civil Procedure, and that this being so, the said plaintiff and appellant Rich in that case was not entitled to have issued to him the transcript of the docket of said judgment for record in the county of San Mateo under section 674 of the Code of Civil Procedure, and hence that he acquired no rights as a redeeming judgment creditor by virtue of the issuance and recordation of said transcript of the docket of said judgment in the county of San Mateo.

[1] Upon this first question we are of the opinion that the appeal taken by the plaintiff Rich from the said judg-

ment in his favor cannot be held to have had the effect of staying proceedings upon said judgment so as either to deprive him of the benefit of his lien acquired by the docketing of said judgment upon any property which the defendant Moss Beach Realty Company might have had in the city and county of San Francisco, or to deprive him of the right to file for record a transcript of said docket in the county of San Mateo, and by so doing acquire the lien of a judgment creditor upon any interest in real property which the said judgment debtor might have in the latter county. [2] We are led to this conclusion by the language of the supreme court in the case of *Halsted* v. *First Sav. Bank,* 173 Cal. 608, [160 Pac. 1075], wherein the court, in construing section 949 of the Code of Civil Procedure in its application to the facts of that case, said: ''The stay given by the statute in the event of appeal is effectual only as to the judgment in so far as it affects the appellant and requires him to do something or permitting something to be done as to him.'' Clearly, the plaintiff appealing from a money judgment in his favor which he deems inadequate in amount could have no intent or desire to stay the operation of and proceedings under said judgment in so far as the same was in his favor; nor, on the other hand, could the judgment debtor be entitled to the benefits of a stay of proceedings upon a judgment as to the amount and effect of which it was so far satisfied as to have taken no appeal on its part. The case of *In re Schedel,* 69 Cal. 241, [10 Pac. 334], and the later cases of like import, relied upon by the respondent do not fit the situation presented in the instant case, since in each of those cases the appellant needed the benefit of a stay of proceedings to prevent the injurious operation of the judgment or order appealed from against his interests pending the appeal. But that is not this case; and it would seem that the only penalty which a plaintiff appealing from a money judgment in his favor might be put to in the event of his seeking to enforce said judgment pending his appeal would be that of having his appeal dismissed upon the ground that he had waived the same by accepting or seizing upon the benefits of said judgment. This ground would not be available for obvious reasons to the respondents here.

We think the foregoing conclusion is correct for another reason. The apparent intent and purpose of section 674 of the Code of Civil Procedure was to enable a judgment creditor to acquire a like judgment lien upon the real property of a judgment debtor in another county to that acquired by him upon the real property of the judgment debtor in the county in which his judgment was obtained and docketed. Under section 671 of the Code of Civil Procedure, when a judgment is docketed in the county in which it is obtained it becomes a lien upon all the real property of the judgment debtor owned by him at the time or which he may afterward acquire in said county until the lien ceases. This lien, by the express terms of that section, "continues for five years unless the enforcement of the judgment be stated on appeal *by the execution of a sufficient undertaking as provided in this code,* in which case the lien of the judgment and any lien by virtue of an attachment which has been issued and levied in the action ceases." It would seem clear that the lien of a judgment creditor appealing from a money judgment in his favor would not cease to exist upon the taking and perfecting by him of an appeal, and that if it did so exist he would be entitled to exercise the rights of a redemptioner accorded him under section 701 of the Code of Civil Procedure, and if, under such circumstances, he would have such right, it would follow that he would have the further right to record his judgment in another county and acquire the like lien of a judgment creditor and right of a redemptioner therein.

Upon the first point in this case we are therefore of the opinion that the plaintiff Rich in said former action was entitled, notwithstanding the pendency of his appeal therein, to apply for and have issued to him a transcript of the docket of his judgment therein for recordation in the county of San Mateo, and was entitled to have the same filed for record in said county for whatever statutory benefits might accrue to him by virtue of said acts.

[3] The remaining question presented upon this appeal has reference to whatever rights, as a judgment creditor of the Moss Beach Realty Company, said George O. Rich acquired by said recordation of the transcript of his judgment in San Mateo County with relation to the property of said corporation in said county which had already been

sold under execution to the predecessor in interest of the plaintiff herein. It is the contention of the respondent herein that said Rich did not become invested with any right to redeem said property from said prior execution sale by the doing of the aforesaid acts. This contention is based, in part at least, upon the respondent's construction of the provisions of section 674 of the Code of Civil Procedure having relation to the effect of the filing for record of the transcript of a judgment in a county wherein the judgment creditor has an interest in real property. That section reads as follows: ''The transcript of the original docket of any judgment, the enforcement of which has not been stayed on appeal, certified by the clerk, may be filed with the recorder of any other county, and from such filing the judgment becomes a lien upon all the real property of the judgment debtor not exempt from execution in such county, owned by him at the time, or which he may afterward, and before the lien expires, acquire. The lien continues for two years unless the judgment is previously satisfied or the lien otherwise discharged.'' The respondent herein argues that the judgment so filed for record under the terms of the above section becomes thereby a lien upon the real property of the judgment debtor which is ''owned by him at the time, or which he may afterward, and before the lien expires, acquire''; and that in the instant case the judgment debtor did not own the real estate to which it is sought to have said judgment lien attach, for the reason that all of the said judgment debtor's right, title, and interest in said property had been theretofore sold at said execution sale.

We think that this is altogether too narrow a construction to place upon the provisions of the above-quoted section of the code in so far as they purport to create a lien upon the real property or an interest therein of a judgment debtor. The same precise language is employed in section 671 of the Code of Civil Procedure, in relation generally to judgment liens; and to hold that a judgment creditor filing his transcript of judgment in another county did not thereby acquire a lien upon such of the real property of the judgment debtor as had theretofore been sold at an execution sale but which was still subject to redemption, would be to hold in effect that no judgment creditor having such subsequent judgment could acquire such a lien

or become a redemptioner of property which had been subjected to such prior execution sale but which was still open to redemption. To so hold would be to nullify the provisions of subdivision 2 of section 701 relating to the redemption of real property from execution sale, which section reads as follows: "Property sold subject to redemption, as provided in the last section, or any part sold separately, may be redeemed in the manner hereinafter provided, by the following persons, or their successors in interest: (1) The judgment debtor or his successor in interest, in the whole or any part of the property; (2) a creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold. The persons mentioned in the second subdivision of this section are, in this chapter, termed redemptioners."

We are cited to a number of cases by respondent as to the effect of execution sales in relation to the interest of the judgment debtor acquired by the purchaser at such sale. It is not necessary to review in detail these cases, since none of them go to the extent of holding that notwithstanding the sale under execution of the real property of a judgment debtor such judgment debtor does not retain during the redemption period such an interest in said property as may be subjected to the lien of a subsequent judgment creditor who may become a redemptioner under the express terms of section 701 of the Code of Civil Procedure. On the other hand, the supreme court has in numerous cases expressly recognized the rights of judgment creditors becoming such after execution sales to redeem the property of the judgment debtor from such sales. The following are some of these cases: *Bennett* v. *Wilson,* 122 Cal. 509, [68 Am. St. Rep. 61, 55 Pac. 390]; Id., 133 Cal. 379, [85 Am. St. Rep. 207, 65 Pac. 880]; *Woods* v. *Kellerman,* 3 Cal. App. 422, [89 Pac. 358]; *McMillan* v. *Richards,* 9 Cal. 365, [70 Am. Dec. 655]. In the case last above cited Mr. Justice Field, in discussing the origin and effect of section 230 of the Practice Act (which has been retained in precise terms in section 701 of the Code of Civil Procedure), shows its derivation from the New York code, and also shows by a uniform current of authority in that state that a junior judgment creditor becoming such subsequent to the creation

of the lien upon which the real property of the judgment debtor has been sold upon execution has the right to redeem the property from such execution sale. We do not think that any change in the statute with respect to the interest of the judgment debtor passing after such execution sale was ever intended to take away this right of redemption in junior judgment creditors which has so long obtained, and which would seem to have been expressly reserved in the retention of section 230 of the Practice Act in its ancient origin and precise form in section 701 of the Code of Civil Procedure. It is our conclusion, therefore, that the junior judgment creditor Rich had the right to redeem the property in question from said execution sale. It is conceded that he took all of the proper statutory steps to exercise that right and that there was no other redemption. It follows that he had a right to demand and receive from the sheriff the deed to the premises which was issued to him, and hence that the conveyance thereof by himself and wife to Ross operated to transfer all of the right, title, and interest acquired by him under such redemption and sheriff's deed to the grantee; and it results as a necessary conclusion that the plaintiff was not entitled to the relief which was accorded him by the judgment in his favor herein upon the record as it was made up at the time of the entry of such judgment and of the appeal therefrom.

[4] By stipulation of the parties, the agreed statement of facts was accepted and adopted by the trial court. The appeal is from the judgment. It is unnecessary to order a new trial. (*City of Eureka* v. *McKay*, 123 Cal. 666–673, [56 Pac. 439]; *Perkins* v. *Cowles*, 157 Cal. 625–627, [30 L. R. A. (N. S.) 283, 108 Pac. 711].) The parties stipulated that, in the event the court found that a redemption was duly made by Rich, the plaintiff should be entitled to judgment for the sum of $1,209.60, the amount of the redemption money paid by Rich for that purpose, and no more. Consequently upon the determination of this court that Rich was entitled to, and did, redeem the property, appellants are entitled to have judgment entered in accord with the stipulation.

The judgment is reversed and the cause is remanded, with directions to the lower court to enter judgment upon the

agreed statement of facts in conformity with the views expressed in this opinion.

Kerrigan, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied, and the original opinion and judgment modified, by the district court of appeal on May 26, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 25, 1921.

All the Justices concurred, except Wilbur, J., who was absent.