[S. F. No. 9935. In Bank.—December 19, 1921.]

SEID PAK SING et al., Respondents, v. HARRY B. BARKER et al., Appellants.

[1] MORTGAGE—FORECLOSURE SALE—APPEAL—STAY OF PROCEEDINGS.— A decree declaring the amount due on a mortgage and providing for its payment within seventy days and, if not paid, that the property be sold in satisfaction of the indebtedness and a judgment entered for the deficiency, if any, is a judgment directing a sale of real property within the meaning of section 945 of the Code of Civil Procedure, and a stay bond on appeal is necessary to stay the sale.

[2] ID.—APPEAL BY MORTGAGEES—PORTION OF JUDGMENT—SUPERSEDEAS. A writ of *supersedeas* will not issue to stay a foreclosure sale because of the mere fact that the mortgagees also took an appeal from the portion of the judgment fixing the amount due on the mortgage, since the determination of the appeal could not reduce the judgment below the amount allowed.

APPLICATION for a Writ of Supersedeas to stay foreclosure sale. Denied.

The facts are stated in the opinion of the court.

Elston, Clark & Nichols, Miller, Thornton & Miller, Sloss, Ackerman & Bradley and Platt Kent for Appellants.

A. H. Ashley and Sterling Carr for Respondents.

WILBUR, J.—The defendants apply to this court for a writ of *supersedeas* on two grounds: First, that their appeal is taken from an interlocutory judgment upon which they are not required to give a stay bond, and, second, that the plaintiffs, having appealed from a portion of the judgment, cannot take advantage of the portion in their favor not appealed from, because plaintiffs have by their appeal selected a remedy which is inconsistent with the enforcement of the balance of the judgment, because the portions of the judgment appealed from are inextricably interwoven with the portion from which no appeal is taken.

The plaintiffs' mortgage upon 970.93 acres of land was subject to a prior trust deed thereof given to secure an indebtedness of $35,000 and certain advances. Plaintiffs brought this action to enjoin the sale of the land by the trustees for nonpayment of the indebtedness secured by the trust deed, and to have the amount of the indebtedness so secured fixed so that plaintiffs could redeem the property from said trust deed. The trustees claimed the amount of the indebtedness so secured to be $186,000.

By cross-complaint the defendant Grossman, who owned the mortgaged property, sought similar relief against the plaintiffs' mortgage, as the amount admittedly due thereunder was less than $25,000 and plaintiffs were claiming that more than $400,000 was due thereunder, as alleged in plaintiffs' answer to this defendant's cross-complaint. The trial court fixed the amount due upon the trust deed entitled to priority over plaintiffs' claim at $37,091.70, plus $305 taxes, and the amount due upon plaintiffs' mortgage at $133,452.27, and provided that the plaintiffs could redeem from the trust deed by paying the clerk of the court the amount due within sixty days, and upon deposit of said trust deed and note thereby secured, properly indorsed and assigned to plaintiffs. The decree further declared that the amount due on the mortgage was $133,452.27 and provided for the payment thereof by the owner within seventy days, and that if the amount of plaintiffs' mortgage

was not paid within seventy days the property should be sold in satisfaction of the indebtedness found to be due to the plaintiffs, and that a judgment be entered for the deficiency, if any. The time for redemption has expired and it is not contended that the mortgage has been paid or the amount due tendered. [1] The code provides that, upon an appeal from a judgment directing a sale of real property, a bond must be given to stay the proceedings, the amount thereof which must be fixed by the court. (Code Civ. Proc., sec. 945.) No such bond was given. This is such a judgment. The sale could be stayed or prevented by payment of the amount due within seventy days, or by giving a stay bond on appeal. The fact that the judgment itself in effect gave a stay of seventy days does not justify a stay on appeal without a stay bond. It matters not whether the judgment be considered as interlocutory or final. The defendants are not entitled to a supersedeas on their own appeal.

[2] Notwithstanding defendants' failure to give a bond, they seek to have a writ of *supersedeas* issued by this court because of the plaintiffs' appeal from portions of the decree denying its claim for judgment for $260,000 more than was given. In order to more clearly present the defendants' position, it will be necessary to state other facts. The defendant Grossman's predecessor rented 970.93 acres of land to plaintiffs at the rental of $25.50 per acre for the year 1918 and $26 per acre for the year 1919. The plaintiffs were to pay the rentals in advance and have paid $35,000 in rentals. The land at the time of the agreement was swamp and overflowed land, incapable of cultivation without reclamation. Grossman's predecessor agreed to have a portion of the land ready for cultivation on February 1, 1918, and the balance March 1, 1918. Only 152.20 acres were ready for cultivation by the plaintiffs in 1918 and 382.90 acres in 1919. The mortgage was given to them to secure the performance by the landlord of the terms of the lease. Plaintiffs claim the return of $22,140.55 on the rental of land not delivered to them, expressly agreed to be refunded by the terms of the lease, and the sum of $7,565.43 for levee work, $410.06 for a siphon, $6,855.03 for expense of pumping, and $96,418.20 for damages to the plaintiffs' growing crop in 1918, due to flooding. These items were allowed by the trial court, aggregating $133,457.27. The court de-

nied the plaintiffs prayer for loss of profits due to the failure to deliver the land as agreed, amounting to over $250,000, and it is from this portion of the judgment only that plaintiffs appeal.

It is claimed that to enforce the judgment for the amount found due by the court would be inconsistent with the prosecution of the appeal, for the reason that the allowance of damages for lost profits on the undelivered acreage is inconsistent with the allowance of a rebate of rents as provided in the lease for the same land. However that may be, on plaintiffs' appeal the amount of judgment cannot be reduced below the sum already allowed to them, and the only question is whether or not the amount of the judgment can be increased. If, as the plaintiffs claim, there is an inconsistency between the recovery by the plaintiffs of the amount provided in the lease for a failure to deliver to them the land leased and the right to also recover damages because of loss of profits for such nondelivery, such question goes to the merits of plaintiffs' appeal, and, however determined, could not result in the decrease of the amount of the judgment in favor of the plaintiffs. There is, therefore, no such inconsistency between the appeal and the rights of the plaintiffs to enforce the judgment as would either justify or require a stay of execution.

It is unnecessary, we think, to review the many cases cited by the petitioners, as both parties agree that no writ can be issued unless there is such inconsistency between the right of appeal and the right of execution to enforce the judgment as require the plaintiffs to elect between the two remedies, and no such inconsistency exists.

The petitioners contend that a sale under execution in foreclosure before the entire amount due is ascertained on appeal would in some manner violate section 726 of the Code of Civil Procedure, which prohibits more than one action for the foreclosure of a mortgage. There is nothing in this point, as this action will be the same single action after the sale as before, the sale being only one step in the foreclosure proceeding, the ascertainment of the deficiency, if any, being another. It should be said in this connection that it is not contended that the property is worth the amount of the liens thereon, as declared by the court.

If authority is needed for such obvious conclusions stated by us, the cases cited below will be sufficient, and, for the reason stated, we deem it unnecessary to enter into a detailed discussion thereof. (*Stetson* v. *Sheehan* (Cal. App.), 200 Pac. 387 [rehearing denied]; *Whalen* v. *Smith*, 163 Cal. 361, 363, Ann. Cas. 1913E, 1319, 125 Pac. 904]; *Ganahl Lumber Co.* v. *Weinsveig*, 168 Cal. 664, [143 Pac. 1025]; *Lake* v. *Superior Court*, ante, p. 116, [200 Pac. 1041]; *Goodlett* v. *St. Elmo Investment Co.*, 94 Cal. 297, [29 Pac. 505]; *First Nat. Bank* v. *Wakefield*, 138 Cal. 561, [72 Pac. 151].)

The petition for a writ of *supersedeas* is denied.

Sloane, J., Lennon, J., Shaw, C. J., and Shurtleff, J., concurred.

Rehearing denied.

All the Justices concurred.