[S. F. No. 9802.   In Bank.—January 31, 1923.]

## GEORGE J. MARTIN, Appellant, v. ERNEST H. HILDE- BRAND et al., Respondents.

[1] HOMESTEADS — PRIOR LIENS — EXECUTION SALE. — In view of the fact that the proceedings authorized by section 1245 et seq. of the Civil Code for subjecting homesteaded property to execution are not made dependent upon the existence or nonexistence of liens upon the property, and since the buyer on an execution sale takes only the interest of the judgment debtor at the time of levy, prior liens on the property are unaffected by the sale and the interest acquired by the purchaser is the precise interest of the homestead claimant freed, however, from the burden of the homestead.

[2] ID. — CONVEYANCE AFTER EXECUTION — EFFECT OF.—A conveyance of homesteaded property after the levy of an execution thereon does not deprive the judgment creditor of his right to have the property sold, since the execution is a lien upon the property from the time it is levied and the transferee takes subject to prior valid liens.

[3] ID.—APPOINTMENT OF APPRAISERS—SALE OF HOMESTEAD—DUTY OF COURT. — Where, on the hearing of an application under section 1245 et seq. of the Civil Code for the appointment of persons to appraise the value of a homestead on which an execution had been levied and returned unsatisfied, it was admitted that the property exceeded in value the amount of the homestead exemption and that it could not be divided without material injury, the court prop- erly refused to appoint appraisers, but erred in refusing to direct the sheriff to proceed with the execution and in directing the issuance of and refusing to recall an *alias* writ of execution.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying an application for the appointment of appraisers of a homestead and from orders refusing to direct the sheriff to proceed with the sale, directing the issuance of an *alias* writ of execution and refusing to recall such *alias* writ.   James M. Troutt, Judge.   Orders, excepting refusal to appoint appraisers, reversed.

The facts are stated in the opinion of the court.

John H. Crabbe for Appellant.

Stoney, Rouleau, Stoney & Palmer and Paul A. McCarthy for Respondents.

KERRIGAN, J.—The plaintiff having recovered a judgment for some eight hundred dollars against George H. Chiossi, one of the defendants herein, a writ of execution was issued thereon, and on September 24, 1920, levied upon real property of said defendant and his wife, consisting of a lot of land 25 feet wide by 127½ feet deep, situate in the city and county of San Francisco, upon which was a two-story and basement dwelling-house. These persons had theretofore declared a homestead upon said premises, and the sheriff accordingly made his return to that effect and that he was unable to satisfy the judgment. Within sixty days from the date of the levy the plaintiff, acting under the provisions of section 1245 et seq. of the Civil Code, made application to the court for the appointment of persons to appraise the value of the homestead, setting up in his application the facts required by section 1246 of said code, namely, that an execution had been levied upon the homestead, describing it, and that its value exceeded the amount of the homestead exemption, etc. This was served upon the homestead claimants. At the time appointed for the hearing thereof they made no appearance, but the defendants Hildebrand and Lettich appeared, having theretofore filed a so-called answer to said application. At the hearing they conceded the filing of said answer to be unauthorized, but requested that it be considered as an affidavit of the facts therein stated. In said answer or affidavit the allegations contained in the application for appointment of appraisers were not denied, but certain facts were alleged therein and offered as a ground for the denial of the application, the burden of which was that said Hildebrand and Lettich were now the owners of said real property, having taken a conveyance thereof since the levy of said execution; that at the time of the levy it was encumbered by liens ranking prior to the homestead, the sum of which, added to the homestead exemption, was far in excess of its value—which, however, was conceded to be superior to five thousand dollars—so that a sale thereof could not produce anything to be applied to the satisfaction

of the plaintiff's judgment. Upon those grounds they urged that the application for the appointment of appraisers should be denied. At this hearing the facts set up in the plaintiff's application were not disputed, and it was also tacitly admitted, and the hearing conducted upon the theory, that the premises were of such a nature that they could not be divided and a part thereof to the value of the homestead exemption set off. Such evidence as was received was directed to the questions of the amount and priority of the liens upon the property in an effort by said defendants to sustain their contention that its sale would not bring an amount sufficient to leave anything applicable to the payment of the plaintiff's judgment.

The application before the court was, as we have seen, for the appointment of appraisers; and the sections of the code relating to this matter and above referred to provide (Civ. Code, sec. 1246) the facts to be stated in the application; (sec. 1248) for service of notice of the hearing upon the homestead claimant; (sec. 1249) that upon the hearing the court may upon proof of service and of the facts stated in the application appoint three appraisers who (sec. 1251) "must view the premises and appraise the value thereof, and if the appraised value exceeds the homestead exemption they must determine whether the land claimed can be divided without material injury"; their report (sec. 1252) must be in writing and must show the appraised value and their determination upon the matter of a division of the land; (sec. 1254) if from the report it appears to the judge that the land claimed exceeds in value the amount of the homestead exemption and that it cannot be divided, *he must make an order directing its sale under the execution.* At such sale no bid must be received unless it exceeds the amount of the homestead exemption (sec. 1255, Civ. Code). If the sale be made (sec. 1256) the proceeds thereof to the amount of the homestead exemption must be paid to the claimant and the balance applied to the satisfaction of the execution, and section 1257 provides that the money paid to the claimant is entitled for six months thereafter to the same protection against legal process and the voluntary disposition of the husband which the law gives to the homestead.

**[1]** It will thus be seen that in the proceedings authorized by the Civil Code for subjecting homesteaded property to execution there is nothing making them dependent upon the existence or nonexistence of liens upon the property. And since upon an execution sale the buyer takes only the interest of the judgment debtor at the time of the levy of the execution (*Knight* v. *Fair*, 9 Cal. 117; *Woods* v. *Kellerman*, 3 Cal. App. 422 [89 Pac. 358]), if the property is encumbered with prior liens they would be unaffected by the sale (23 Corp. Jur. 493). **[2]** Nor would the fact that subsequent to the levy of the execution the homestead claimant had conveyed the property deprive the judgment creditor of his right to have it sold, since the execution is a lien upon the property from the time it is levied (*Summerville* v. *Stockton Milling Co.*, 142 Cal. 529 [76 Pac. 243]), and the transferee takes subject to prior valid liens. There is, of course, nothing in the nature of an execution sale against homesteaded property different from one against property upon which no homestead exists in so far as it affects existing liens, the only difference created by the sections of the code cited being in the requirements, first, of certain additional steps to be taken to procure the sale; second, of a minimum bid, and, third, in the disposition of the proceeds. The interest acquired by the purchaser at such sale is the precise interest of the homestead claimant freed, however, from the burden of the homestead.

See, also, the case of *White* v. *Horton*, 154 Cal. 103 [18 L. R. A. (N. S.) 490, 97 Pac. 70], which was a sale of homesteaded property subject to the prior lien of a mortgage, and in which the question of the disposition of the proceeds of the sale, and how the amount bid would be affected by the existence of prior valid liens, was considered.

**[3]** We think it follows that under the circumstances appearing upon the hearing of the application for the appointment of appraisers it would have been the duty of the court to grant said application, except that the facts which it would have been the function of the appraisers to find and report upon were, as we have seen, admitted at such hearing, thus rendering it an idle act to require a report to be made.

It appearing, then, to the court that the real property exceeded in value the amount of the homestead exemption, and that it could not be divided without material injury, it was its duty to make an order directing its sale under the execution (Civ. Code, sec. 1254).

During the pendency of the proceedings under consideration the plaintiff applied to the court for an order directing the sheriff to proceed with the execution, basing his application upon the ground that the homestead had been abandoned. This application was considered in connection with that for the appointment of appraisers, and resulted in the denial of both applications, but the court on December 31, 1920, did direct that an *alias* writ of execution should issue. The plaintiff subsequently moved to recall this *alias* writ, and to return to the sheriff the writ of September 24th for further proceedings thereunder. This, also, the court refused to do. It is from these orders that the plaintiff has appealed.

In the light of what we have said we think it follows that the court should have granted the plaintiff's motion for an order directing the sheriff to proceed with the sale of the premises, for at the time it was made the necessity for the appointment of appraisers and the making of their report no longer existed and the plaintiff was entitled to have the property sold; said sale to be made subject to whatever encumbrances were upon the premises at the time of the levy of the writ of September 24, 1920, and the sheriff directed to accept no bid unless it exceeded the sum of five thousand dollars, and that of the amount so bid five thousand dollars should be paid to the grantees of the homestead claimants, the surplus, if any, to be applied *pro tanto* in satisfaction of the plaintiff's judgment, and the balance in excess thereof, if any, to said grantees of the homestead claimants. As to the order that an *alias* writ of execution should issue, the plaintiff had not moved for such an order and it was not the order to which he was entitled. The court therefore erred in its making, as also in its subsequent order refusing to vacate it. Both said orders are therefore reversed except with respect to that part of the first of them refusing to appoint appraisers,

and the cause is remanded to the trial court for further proceedings in accordance with the views herein expressed.

Wilbur, C. J., Lennon, J., Waste, J., Myers, J., Lawlor, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices concurred.