[Civ. No. 4063. First Appellate District, Division Two.—April 10, 1923.]

ERNEST H. HILDEBRAND et al., Respondents, v. GEORGE J. MARTIN et al., Appellants.

[1] EXECUTION — SALE OF HOMESTEADED PROPERTY — INJUNCTION.— Judgment reversed on the authority of *Martin* v. *Hildebrand,* 190 Cal. 369.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Reversed.

The facts are identical with those stated in the opinion in *Martin* v. *Hildebrand,* 190 Cal. 369.

John H. Crabbe for Appellants.

Stoney, Rouleau, Stoney & Palmer and Paul A. McCarthy for Respondents.

LANGDON, P. J.—This appeal is from a judgment on the pleadings, which judgment perpetually enjoined the defendants George J. Martin and Thomas F. Finn, as sheriff of the city and county of San Francisco, from selling, under an execution previously issued, certain real property located in the city and county of San Francisco and described in the complaint herein.

[1] The facts appearing from the pleadings are the identical facts considered by our supreme court in the recent case of *Martin* v. *Hildebrand,* decided January 31, 1923, and reported in 190 Cal. 369 [212 Pac. 618]. The conclusions reached in said case conclusively dispose of the appeal in the instant case. It was decided in the said case of *Martin* v. *Hildebrand, supra,* which involved the same parties, the

same subject matter, and the same legal situation, that an order directing a sale of the said property under execution should have been made by the trial court and said court was directed to make such order. The present judgment granting a perpetual injunction against the defendants from proceeding with such sale is, therefore, erroneous.

The oral argument made by respondents upon the hearing of this case in this court, to the effect that the decision of the supreme court in the case of *Martin* v. *Hildebrand, supra,* is inapplicable here because the sale herein restrained is a sale under the *alias* execution issued in January, 1921, and not a sale under the original execution issued in September, 1920, is without merit. This is because the decision in *Martin* v. *Hildebrand, supra,* expressly decides that the *alias* execution was not issued upon the motion of the present appellants and should not have issued, and that the appellants herein are entitled to proceed under the original execution levied in September, 1920, before the transfer of the property by the judgment debtors. As the judgment in the present case merely restrains a sale by the sheriff under the *alias* execution issued in January, 1922, and the order issuing said *alias* execution made by the trial court has been reversed by our supreme court, it would appear that the judgment in the instant case, restraining a sale thereunder could be of no force and effect as against the appellants herein and that they are at liberty to proceed under the original execution issued in September in accordance with the decision in *Martin* v. *Hildebrand, supra.* However, to avoid all confusion and keep the record clear, it is perhaps advisable that the judgment herein be reversed in accordance with the principles enunciated in *Martin* v. *Hildebrand, supra.* It is so ordered.

Nourse, J., and Sturtevant, J., concurred.