[No. 11479.  Department One. — March 31, 1886.]

IN THE MATTER OF THE ESTATE OF GEORGE SCHE-DEL, DECEASED.

ESTATE OF DECEDENT — DECREE OF DISTRIBUTION — APPEAL FROM — UNDER-TAKING — STAYING PROCEEDINGS. — On an appeal by a legatee from a decree distributing certain moneys of the estate of a decedent, the execution of the undertaking provided for by section 941 of the Code of Civil Procedure, to the effect that the appellant will pay all damages and

costs that may be awarded against him on the appeal, or on a dismissal thereof, not exceeding three hundred dollars, stays proceedings in the lower court upon the judgment appealed from.

APPLICATION for a writ of *supersedeas* to stay proceedings on a decree of distribution of the estate of a deceased testator, pending an appeal therefrom by a legatee. The appeal was regularly taken, and was accompanied by an undertaking in the sum of three hundred dollars, as provided for by section 941 of the Code of Civil Procedure. The further facts are stated in the opinion of the court.

*Marcus Rosenthal*, for Petitioner.

*S. W. Holladay*, for Respondent.

Ross, J.—The question in this case is, whether, on appeal taken by a legatee from a decree of distribution, the execution of the undertaking provided for by section 941 of the Code of Civil Procedure, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding three hundred dollars, stays proceedings in the court below, upon the judgment appealed from.

Under the provisions of our code, we think it does. Section 949 of the Code of Civil Procedure reads:—

"In cases not provided for in sections 942, 943, 944, and 945, the perfecting of an appeal by giving the undertaking or making the deposit, mentioned in section 941, stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold, and the proceeds thereof to be deposited, to abide the judgment of the appellate court. And except, also, where it adjudges the defendant guilty of usurping or intruding into or unlawfully holding public office, civil or military, within this state. And except, also, where the order grants, or refuses to grant, a change of place of trial of an action."

The provisions of sections 942, 943, 944, and 945 have no application to the case of an appeal by a legatee from a decree of distribution. It is not claimed for the respondent that any of them do, unless the case comes within the "spirit" of section 943, which provides: "If the judgment or order appealed from direct the assignment or delivery of documents or personal property, the execution of the judgment or order cannot be stayed by appeal, unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be entered into on the part of the appellant, with at least two sureties, and in such amount as the court, or a judge thereof, may direct, to the effect that the appellant will obey the order of the appellate court upon the appeal."

It is a sufficient answer to the suggestion to say that the decree appealed from does not direct the assignment or delivery of any documents, nor the assignment or delivery of any personal property within the meaning of that section. The decree appealed from distributes certain moneys, but money is not included within the "personal property" spoken of in section 943. Sections 942 to 945, inclusive, apply to appellants who are required to perform the directions of the judgment or order appealed from. This is manifest from their language. But the appellant in the present case is not required to do anything. It feels aggrieved by the decree, however, and has the right of appeal. The case is one "not provided for in sections 942, 943, 944, and 945"; and consequently, by the terms of section 949, the perfecting of the appeal by giving the undertaking mentioned in section 941 stays proceedings in the court below upon the judgment appealed from.

Let the order issue.

McKINSTRY, J., and MYRICK, J., concurred.