[14970.   Department One.— June 5, 1893.]

## J. J. McCALLION ET AL., RESPONDENTS, *v.* HIBERNIA SAVINGS AND LOAN SOCIETY ET AL., APPELLANTS.

INTERPLEADER—JUDGMENT DETERMINING CLAIMS TO FUND DEPOSITED IN COURT—APPEAL—BOND TO STAY EXECUTION—VOID JUDGMENT AGAINST SURETIES.— In an action where conflicting claims are made to a sum of money deposited in court by an original defendant, a judgment awarding the money to one of the claimants, together with costs, does not necessitate the giving of a bond by the defeated party, under section 942 of the Code of Civil Procedure, in order to stay execution upon appeal therefrom, but such execution is stayed by the ordinary appeal bond for three hundred dollars, and a judgment rendered on motion against the sureties on a separate stay bond, after the affirmance of the judgment upon appeal, for any portion of the fund found to be lost or misappropriated by the custodian of the fund, is void.

ID.—MOTION FOR JUDGMENT AGAINST SURETIES ALLOWED ONLY UPON STATUTORY BOND—VOID BOND.—It is only upon a statutory bond that judgment can be ordered against the sureties upon motion, and if a judgment from which an appeal is taken is not such as calls for the giving of a bond to stay execution, aside from the ordinary three-hundred-dollar appeal bond, the filing of a bond for that purpose is unnecessary and useless labor, and if so filed, is void as a statutory bond.

ID.—JUDGMENT FOR COSTS—STAY BOND—CONSTRUCTION OF CODE.—A judgment for costs is not a judgment directing the payment of money contemplated by section 942 of the Code of Civil Procedure, and a stay bond is not required in order to restrain the issuance of an execution to recover such costs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*M. C. Hassett,* and *James F. Tevlin,* for Appellants.

The law itself operated as a stay upon the giving of the three-hundred-dollar bond. (*Estate of Schedel,* 69 Cal. 241; *Pennie* v. *Superior Court,* 89 Cal. 31; *Estate of Wood,* 29 Pac. Rep. 553; *Ex parte Clancy,* 90 Cal. 553; *Born* v. *Horstmann,* 80 Cal. 453; *Powers* v. *Crane,* 67 Cal. 65; *Snow* v. *Holmes,* 64 Cal. 232; *Root* v. *Bryant,* 54 Cal. 182; *Servanti* v. *Lusk,* 43 Cal. 238.) As the law did not require an undertaking, no liability resulted from its execution. As the appellants were not liable for that fund, and could not by any act of theirs imperil or impair it, their sureties cannot be made liable for the same. The liability of a surety cannot exceed that of his principal. (*Servanti* v. *Lusk,* 43 Cal. 236; *People* v. *Cabannes,* 20 Cal. 525; *Whitney*

v. *Allen,* 21 Cal. 233; *Powers* v. *Crane,* 67 Cal. 65.)   No recovery can be had on the bond on motion, as it was not executed under section 942 of the code.   (*Powers* v. *Chabot,* 93 Cal. 266; *Estate of Schedel,* 69 Cal. 243.)

*D. L. Smoot,* for Respondents.

GAROUTTE, J. — Division No. 1 of a society known as the Ancient Order of Hibernians had several thousand dollars deposited in the Hibernia Savings and Loan Society.   Dissension arose in the organization, and an action was brought against the Hibernia Savings and Loan Society by certain individuals claiming to compose the only true and genuine Division No. 1, to recover this money.   Certain other parties making the same claims intervened, and asked that the money be awarded to them.   The Loan Society paid the money into court, and the intervenors were substituted as parties defendant. The city and county treasurer became the custodian of the fund under an order of the court during the pendency of the action. Judgment was rendered that plaintiffs were entitled to the money; that the city and county treasurer pay the same over to them, and that the defendants pay the costs of the action, amounting to three hundred and twelve dollars.   Defendants appealed and gave a stay bond in the sum of seven thousand five hundred dollars, being double the amount of the judgment and costs.   Upon appeal the judgment was affirmed.   Subsequently, upon a return of the remittitur to the trial court, plaintiffs moved for judgment against the sureties upon the stay bond, as provided in section 942 of the Code of Civil Procedure, and judgment was thereupon rendered against them in the sum of about six hundred dollars.   This appeal is prosecuted from that judgment.

The case disclosed by the record is not such a one as requires a bond to stay execution, and that fact is fatal to a recovery upon the bond and demands a reversal of the judgment.   It was said in *Powers* v. *Crane,* 67 Cal. 66:  "On behalf of the sureties, who are the real parties in interest here, it is claimed that the undertaking, except in so far as the three hundred dollars is concerned, about which no question arises, was without consideration and void.   The pretended consideration therefor

was a stay of execution of the decree appealed from, and if the law itself operated a stay upon the giving of a three-hundred-dollar bond, it would seem that the point is well taken. That the statute did so operate was held by this court in the case of *Snow* v. *Holmes,* 64 Cal. 232. As the statute itself wrought the stay, there was no consideration for the sureties' promise. The benefit which the plaintiff in the case of *Johnson* v. *Powers* secured from the appeal came from the statute, and not from the promise of the sureties." (See also *Powers* v. *Chabot,* 93 Cal. 266.) It is only upon a statutory bond that judgment can be ordered against the sureties on motion, and if the judgment from which appellants take this appeal is not such as calls for the giving of a bond to stay execution, aside from the ordinary three-hundred-dollar appeal bond, the filing of a bond for that purpose is unnecessary and useless labor, and, if so filed, is void as a statutory bond.

Section 949 of the Code of Civil Procedure provides that the ordinary appeal bond of three hundred dollars stays execution in all cases, except those mentioned in sections 942, 943, 944, and 945. We then proceed to an examination of this judgment, in the light of those sections, to determine where it shall be properly placed. Section 942 relates to appeals from judgments or orders directing the payment of money, and it is under the provisions of this section that respondent bases his claims for an affirmance of the judgment in this case. It was held in the *Estate of Schedel,* 69 Cal. 242, that section 942 applied only to appellants who were required to perform the directions of the judgment or order appealed from, and this construction of the section has since been approved in *Born* v. *Hortsman,* 80 Cal. 453, and *Pennie* v. *Superior Court,* 89 Cal. 32. In the present case the fund over which this litigation arose was not in the possession of appellants, either at the time the judgment was rendered or when the appeal was taken, and never had been in their possession, and that being the fact, they were not required "to perform the directions of the judgment." Upon the reasoning of the foregoing cases, it is very clear that appellants were not required to give a stay bond covering the fund which was in the possession of the court, and any judgment rendered by motion against the sureties upon the bond for

any portion of the fund found to be lost or misappropriated is void.

This money constituted a special fund in the hands of the court, and the litigation between these parties was conducted for the purpose of securing a judgment of the court, adjudicating as to where the title to this fund was located. When the money came into the possession of the court the litigation resolved itself essentially into an action to try the title to personal property, and if the judgment rendered in this case was such as to bring itself within the provisions of any of the sections of the code from 942 to 945 inclusive, it came within section 943 as a judgment directing the delivery of personal property. While it is intimated in the *Schedel Case,* 69 Cal. 241, that the term "personal property," as used in section 943, does not include money, we have no doubt that where the money is a special fund and capable of identification, it would answer to the term "personal property," as used in that section. But conceding that the judgment here rendered is such as was contemplated by that section, still no stay bond was required, for the fund was in the possession of the court, and such fact by the terms of the section itself does away with the requirement; and the principle declared in the authorities previously quoted would also defeat any claims by respondent respecting the necessity for a stay bond, even in the absence of such provision in the section.

As to that portion of the judgment awarding costs against appellants, a stay bond was not required to restrain the issuance of an execution to recover such costs. The appeal bond effected that object. The real judgment in the case is that plaintiffs are the owners of the money, and no stay bond being required by the statute as to such a judgment, no stay bond is demanded as to the costs. The costs taxed against defendant were incidental to the judgment, and as to a stay of execution, inseparably connected therewith. A judgment for costs is not the judgment directing the payment of money contemplated by section 942. If such were the fact, a stay bond would be required in almost every conceivable case, when, to the contrary, it is only required in the four cases covered by sections 942 to 945 of the code. The judgment referred to in the fore-

going sections is the decree passing upon the matter directly involved in the litigation, and in all other cases the proceedings are held in abeyance by virtue of the statute itself.

For the foregoing reasons we conclude that no bond to stay execution was required in the case, and it follows therefrom that no judgment could be rendered against the sureties upon the bond given.

Let the judgment and order be reversed, and the cause remanded.

HARRISON, J., and DE HAVEN, J., concurred.