[S. F. No. 7728.   In Bank.—November 1, 1916.]

JAMES D. HALSTED et al., as Executors of the Last Will of James Mandeville Halsted, Deceased, Appellants, v. FIRST SAVINGS BANK (a Corporation) et al., Defendants; ANNA N. COLLINS, Respondent.

APPEAL—STAY OF PROCEEDINGS—UNDERTAKING FOR STAY.—The provisions of sections 942 to 945 of the Code of Civil Procedure, requiring an undertaking to be given or other act done as a condition precedent to a stay of proceedings pending an appeal, apply only where the appellant has money or other property in his possession or under his control which has been adjudged by the lower court to belong to the respondent, or where the appellant has been directed to do some act for the benefit of the respondent.

ID.—STAY UNDER SECTION 949, CODE OF CIVIL PROCEDURE.—The stay given by section 949 of the Code of Civil Procedure in the event of appeal is effectual only as to the judgment *in so far as it affects the appellant,* requires *him* to do something, or permits something to be done as to *him.*

ID.—CONFLICTING CLAIMS TO BANK DEPOSIT—JUDGMENT FOR MONEY IN FAVOR OF INDIVIDUAL DEFENDANT—APPEAL BY PLAINTIFF.—In an action seeking to establish plaintiff's ownership to and the recovery of money deposited in a bank, brought against the bank and an individual in whose name the deposit stood, in which judgment was rendered in favor of the individual defendant and against the bank for the recovery of the amount of the deposit and determining that plaintiff had no interest therein, an appeal by the plaintiff from the judgment, unaccompanied by a stay bond, does not stay the enforcement by the individual defendant of the judgment for the money as against the bank.

ID.—WRIT OF SUPERSEDEAS PENDING APPEAL BY PLAINTIFF.—In such a case the statute makes no provision for a stay, but the appellate court, in view of the peculiar circumstances and in the exercise of a reasonable discretion, will grant a writ of *supersedeas* upon the giving by the appellant of a proper bond to secure to respondent the fruits of her judgment against the bank in the event that the same be affirmed or the appeal dismissed.

ID.—POWER TO GRANT WRIT OF SUPERSEDEAS.—The appellate court has power to grant a writ of *supersedeas* in cases where the writ is necessary to preserve the *status quo* so that the rights involved in an appeal, when determined by the appellate court, may not be lost or prejudiced by reason of the intervening execution of the judgment or order appealed from, in cases where the statute regulating a stay of proceedings on appeal makes no provision for such stay in the particular case.

APPLICATION for a Writ of Supersedeas to restrain the enforcement of a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

O'Neill & O'Neill, and Chapman & Trefethen, for Appellants.

Harry E. Leach, and Abe P. Leach, for Respondent.

ANGELLOTTI, C. J.—This is an application by the appellants for a writ of *supersedeas* to restrain the enforcement of a judgment in favor of defendant Anna N. Collins (respondent here) pending their appeal therefrom. This relief is sought on the ground that their duly perfected appeal *ipso facto* stays the enforcement of the judgment in the respect in which it is about to be enforced, without the giving by them of any bond to stay proceedings. There is no dispute as to the material facts.

The special administrator of the estate of James M. Halsted, deceased, commenced an action in the superior court of Alameda County against the defendants, alleging in his complaint that at the time of his death deceased had a large amount of money on deposit with defendant bank, in the form of a savings bank deposit, which, although standing in the name of defendant Anna N. Collins, was the property of deceased. He alleged that said Collins had wrongfully caused the deposit to be changed from the joint name of the two to her own individual name. He further alleged that said Collins was about to withdraw said deposit and appropriate the same to her own use, that she is without means, and if permitted to draw said money will depart from the state. He asked judgment against the bank for the amount, that said Collins be adjudged to have no interest in said deposit, that an order be made restraining her from withdrawing said money, and that the bank be restrained from paying the same to her. The executors of the will of deceased were subsequently substituted as plaintiffs in such action. Defendant Collins filed an answer and cross-complaint. In her cross-complaint she alleged that all of said money was her own property, and that she was entitled to the same.

She asked that the temporary restraining order be dissolved, that plaintiffs take nothing by their action, that it be decreed that the property is her sole and separate property, and that the bank be ordered to pay the same to her. Plaintiffs answered this cross-complaint. The action was tried by the court, defendant bank not appearing. The findings of the court were in favor of defendant Collins, and on these findings judgment was entered that the temporary restraining order be dissolved, that said defendant "do have and recover of and from the defendant, First Savings Bank, the sum" of $11,379.38 with interest, that neither plaintiffs nor the estate of James M. Halsted have any interest in said money, and that defendant Collins recover her costs from plaintiffs. Plaintiffs duly appealed from said judgment, "and from the whole" thereof, and such appeal is still pending. They gave the ordinary three hundred dollar bond for costs, etc., which was formerly necessary to perfect an appeal, but gave no stay bond. No appeal has been taken by defendant bank. Defendant Collins is proceeding to enforce her judgment for the recovery of the money *from the bank,* and has taken out a writ of execution to that end, which the sheriff of the county is about to enforce.

In brief then, the situation is simply this: Defendant bank owes this money either to plaintiffs or defendant Collins. In an action to which all of these are parties, it has been adjudged that plaintiffs (appellants) have no interest therein, that defendant Collins (respondent) is the owner and entitled to the possession of all thereof, and that she recover all of the same from the bank. The bank is entirely neutral in the matter and has not appealed. Plaintiffs have appealed. In view of our statutes relative to appeals, does the appeal by plaintiffs stay the enforcement of *her judgment for the money* by defendant Collins *against the bank?*

By virtue of section 949 of the Code of Civil Procedure, which substantially provides that, except in certain specified cases of which this is not one, in cases not provided for in sections 942, 943, 944 and 945 of the Code of Civil Procedure, the perfecting of an appeal stays proceedings in the court below upon the judgment and order appealed from, it must be conceded that in so far as the judgment here involved is one against the appellants, proceedings therein in the court below are stayed by the appeal duly perfected, without any

stay bond. As appears from what has been said, there is no judgment for the payment by appellants of any money, appellants have no money or other property in their possession which has been adjudged to belong to respondent, and they are not directed by the judgment to do any act for the benefit of respondent Collins. It must now be taken as absolutely settled by our decisions that the provisions of sections 942, 943, 944 and 945 apply only where the appellant has money or other property in his possession or under his control which has been adjudged by the lower court to belong to the respondent, or where the appellant has been directed to do some act for the benefit of the respondent. (See *Zappettini* v. *Buckles,* 167 Cal. 27, [138 Pac. 696]; *Pennie* v. *Superior Court,* 89 Cal. 33, [26 Pac. 617]; *Estate of Schedel,* 69 Cal. 241, [10 Pac. 334]; *Born* v. *Horstmann,* 80 Cal. 452, [5 L. R. A. 577, 22 Pac. 169, 338]; *McCallion* v. *Hibernia Sav. & Loan Soc.,* 98 Cal. 442, [33 Pac. 329]; *Rohrbacher* v. *Superior Court,* 144 Cal. 633, [78 Pac. 22].) Therefore there is no provision of law requiring a stay bond on the part of appellants as a condition precedent to the staying of proceedings in the court below upon the judgment appealed from, in so far as the judgment is against them, i. e., requires them to do something or permits something to be done as to them, and the statute itself stays execution of the judgment in this regard. Any stay bond given by them under such circumstances would be without consideration and for that reason unenforceable. (*McCallion* v. *Hibernia Sav. & Loan Soc.,* 98 Cal. 442, [33 Pac. 329].)

The question here, however, is whether the enforcement of that portion of the judgment which is a judgment directing the payment of money by defendant First Savings Bank to respondent Collins, a judgment for Collins against such bank for such money, is stayed by the appeal of appellants. If the bank had appealed therefrom it could have stayed enforcement of the judgment against it pending such appeal only by giving the stay bond provided by section 942 of the Code of Civil Procedure. We have here, in part, a simple judgment for the payment of money to the respondent by a party other than the appellants. Said section 942 provides that "if the appeal be from a judgment or order directing the payment of money, it does not stay the execution of the judgment or order unless" an undertaking be given to secure

to the judgment creditor the fruits of the judgment in the event of its affirmance or the dismissal of the appeal. Of course, it is obvious that this portion of the judgment was given solely because of the determination by the trial court of the controversy between appellants and respondent in favor of respondent, a controversy in which the First Savings Bank in fact remained neutral. It may be conceded that this portion of the judgment is so plainly the result of the determination in favor of respondent against appellants, that this court has the power on the appeal by the plaintiffs alone to reverse the whole judgment, including the portion against the bank, if it concludes that the appellants should prevail as against the respondent. (See *Hamilton* v. *Prescott,* 73 Tex. 565, [11 S. W. 548] ; *Whalen* v. *Smith,* 163 Cal. 360, [Ann. Cas. 1913E, 1319, 125 Pac. 904].) It does not follow that the mere money judgment in favor of one defendant against the other defendant is a judgment against appellants. And while we have the power, in view of all the circumstances apparent from the record, and the broad power of an appellate court in the event of substantial error in the trial court to so frame its order of reversal as to best promote the doing of substantial justice as to all the parties, to reverse the whole judgment, we are unable to see any good ground upon which it may be held that the portion of the judgment which awards to respondent a recovery against the bank is in any sense a judgment against the appellants. No enforcement of the judgment as against appellants is being sought, and, of course, none could be had pending the appeal. The stay given by the statute in the event of appeal is effectual only as to the judgment *in so far as it affects the appellant,* requires *him* to do something, or permits something to be done as to *him.* We are constrained to hold that in view of the provisions of our Code of Civil Procedure the appeal by the plaintiffs in the action does not stay the enforcement of respondent's money judgment against the bank.

We are thus brought to the question whether the circumstances are such as to warrant us in granting a writ of *supersedeas,* upon proper terms, in the exercise of the inherent power of an appellate court to give such relief under certain circumstances. In this connection it was said in *Southern Pacific Co.* v. *Superior Court,* 167 Cal. 250, [139 Pac. 69], that such power exists ''in cases where the writ is necessary to

preserve the *status quo* so that the rights involved in an appeal, when determined by the appellate court, may not be lost or prejudiced by reason of the intervening execution of the judgment or order appealed from, in cases where the statute regulating a stay of proceedings on appeal makes no provisions for such stay in the particular case." (See, also, *Hill* v. *Finnigan,* 54 Cal. 493.)

As we have seen, the statute makes no provision for a stay in such a case as this. It is said in 3 Corpus Juris, page 1290, that "as a rule a *supersedeas* or stay should be granted, if the court has power to grant it, whenever it appears that . . . it is reasonably necessary to protect appellant or plaintiff in error from irreparable or serious injury in case of a reversal, and it does not appear that appellee or defendant in error will sustain irreparable or disproportionate injury in case of affirmance." From what we have said it is apparent that this action was not an ordinary action for the recovery of money. So far as plaintiff and defendant Collins were concerned it was in substance and effect an equitable action between conflicting claimants as to a specific fund, a contest between them in which the depositary of the fund, the bank, was entirely neutral. There is nothing in the pleadings or elsewhere to indicate that the bank was not entirely willing at any time to pay the money to the person legally entitled to it upon a proper demand, or that there was any reason for making the bank a party except that it was the depositary. What we have said sufficiently indicates the real nature and character of the action. But the trial court gave a simple money judgment in favor of defendant Collins against the defendant bank, the enforcement of which, as we have seen, is not stayed by the appeal of plaintiffs. It is substantially alleged that defendant Collins has no means, and that if this money is collected by her, plaintiffs will not be able to recover the same from her in the event that they ultimately prevail. It may be that in the event that plaintiffs ultimately prevail, they could enforce their claim against the bank, notwithstanding that defendant Collins' judgment against it had been enforced in the meantime. That, however, is something that cannot here be foretold with any degree of certainty. Having paid the money once, the bank would naturally claim that it was free from further liability. It may fairly be assumed that the practical difficulties in the way of the re-

covery and enforcement of any judgment by appellants against the bank would be materially increased if, pending this appeal, the bank should be compelled to pay the amount to Collins.  Instead of being confronted by a party absolutely neutral in fact and ready to pay without question either plaintiffs or Collins, as might be determined in the action, plaintiffs would find in the bank an actively hostile party, disputing their claim on every possible theory, and possibly upon some theory that would preclude a recovery altogether. We think that it may fairly be assumed that the preservation of the *status quo* is reasonably necessary to protect the plaintiffs from serious injury in the event of a reversal.  If proper security be given defendant Collins, we can conceive of no possible way in which any of her substantial rights can be prejudiced by a stay pending appeal, and it is extremely desirable both for plaintiffs and the bank that the present status shall be preserved until the final determination of this action.  We are of the opinion that we are warranted in view of the peculiar circumstances of this case, in the exercise of a reasonable discretion, in granting a writ of *supersedeas* upon the giving by appellants of a proper bond to secure to respondent Collins the fruits of her judgment against the bank in the event that the same be affirmed or the appeal dismissed.

It is ordered that a writ of *supersedeas* issue as prayed for herein, provided that within ten days the appellants file herein a good and sufficient bond in double the amount named in the judgment of defendant Collins against the bank, approved by a judge of the superior court of the county of Alameda, to the effect that if the judgment appealed from be affirmed or the appeal dismissed, and the First Savings Bank does not forthwith pay to respondent the full amount of her judgment against the bank, the appellants and their sureties will pay to said respondent the whole amount then due on such judgment against the bank, or such portion thereof as may be necessary, in addition to such amount as may be paid by the bank, to give to said respondent the full amount then due on her judgment.

Shaw, J., Melvin, J., Lorigan, J., and Lawlor, J., concurred.