[Civ. No. 4041. Second Appellate District, Division Two.—July 25, 1923.]

SARAH HANCOCK LOUDON, Respondent, v. JAMES ARLINGTON LOUDON, Defendant; NATIONAL SURETY COMPANY (a Corporation), Appellant.

[1] UNDERTAKING — APPEAL—SEPARATE MAINTENANCE ACTION—INTERVENTION—RES JUDICATA.—On appeal from an order denying a third person leave to intervene in a proceeding to obtain a modification of the judgment in a separate maintenance action, the supreme court having determined that said third person had no right to intervene in said action and no right to appeal from the order denying leave to intervene, and thereupon having dismissed the appeal, those matters are *res judicata* in a subsequent appeal from the judgment against the surety on the undertaking given to stay execution of the modified maintenance judgment pending the former attempted appeal.

[2] ID. — ATTEMPTED APPEAL — VOID UNDERTAKING—CONSIDERATION.— Said third person having had no right to intervene in the separate maintenance proceeding, and no right to appeal from the order of the trial court denying leave to intervene, the undertaking given to stay execution of the modified separate maintenance judgment pending the attempted appeal from the order denying leave to intervene was not a statutory undertaking and, therefore, was without consideration, and the surety was not liable thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Lawler & Degnan and Goudge, Robinson & Hughes for Appellant.

Collier & Labarere for Respondent.

CRAIG, J.—A judgment for separate maintenance was rendered in favor of Sarah Hancock Loudon against James Arlington Loudon. It directed him to pay her the sum of $150 per month and enjoined him from transferring any of his property in California. Later Sarah Hancock Loudon moved the court to increase her allowance so as to direct the payment to her of $250 per month.

Subsequent to the entry of the original judgment James A. Loudon had deeded his real property in California, subject to the restraining provision of the judgment, to Lewis S. Loudon. The latter petitioned to intervene, to contest the motion for increased allowance made by Sarah Hancock Loudon, which petition the superior court refused. It then granted the motion for an increase of the monthly sum required to be paid by James A. Loudon from $150 to $250 per month.

From the order denying him leave to intervene and from the judgment modifying the original judgment for separate maintenance, Lewis S. Loudon filed a notice of appeal, and also an undertaking pursuant to section 942 of the Code of Civil Procedure, to stay execution upon such second judgment, Sarah Hancock Loudon moved the appellate court to dismiss the two appeals so taken. Both motions were granted and both appeals dismissed. After the expiration of thirty days from the coming down of the *remittitur* dismissing the appeal of Lewis S. Loudon from the order modifying the judgment for separate maintenance, Sarah H. Loudon applied to the superior court for judgment upon the undertaking, pursuant to section 942 of the Code of Civil Procedure, which judgment was rendered for the amount of the increased allowance which had accrued and interest thereon, in all the sum of $816.33. The National Surety Company was the surety on this undertaking and execution was issued and levied at once against said company. From this last-named judgment this appeal is taken.

The undertaking in question reads as follows:

"Whereas, Lewis S. Loudon has appealed in the above-entitled action to the Supreme Court of said State of California from the order of said Superior Court entered in said action on December 6, 1920, denying said Lewis S. Loudon leave to intervene in said action on and in respect to the application and motion of said plaintiff, Sarah Hancock Loudon, for an order modifying the judgment theretofore entered and become final in said action, by increasing the amount required by said judgment to be paid by defendant, James Arlington Loudon, to said plaintiff from $150 to $250 per month; and

"Whereas, said Lewis S. Loudon has appealed to said Supreme Court from the order of said Superior Court entered on the motion and application of plaintiff in said action on December 15, 1920, modifying the judgment theretofore entered and become final in said action, by increasing the amount required by said judgment to be paid to said plaintiff by said defendant, James Arlington Loudon, from $150 to $250 per month, on the 15th day of each and every month thereafter, commencing December 15, 1920, and continuing until the further order of the court; and

"Whereas, said Lewis S. Loudon desires to stay execution on said order and on the said judgment as modified by said order to the extent that said order increases the amount required to be paid monthly by said defendant to said plaintiff, to wit, to the extent of $100 per month to be paid on the 15th day of each and every month commencing December 15, 1920, and continuing until the further order of the court, during the time that said Lewis S. Loudon may stay execution thereon.

"Now, therefore, in consideration of the premises and to secure such stay of execution, the undersigned surety company undertakes and promises on the part of said Lewis S. Loudon, appellant, and is bound to the respondent Sarah Hancock Loudon in the sum of $3600, being double the monthly increase payment made by said order to said judgment for eighteen months, of $100 each month, commencing January 15, 1920, making the total of $1800 and being for a stay of execution for said monthly payments of $100 each month during the next 18 calendar months commencing January 15, 1921, that if the order and judgment appealed from or any part thereof be affirmed or the appeal dismissed, the

appellant, Lewis S. Loudon, will pay the respondent, Sarah Hancock Loudon, the amount directed to be paid by the said judgment and order or the part of such amount as to which the judgment and/or order is affirmed if affirmed only in part, and all damages and costs which. may be awarded against the appellant Lewis S. Loudon upon the appeal, and that if the appellant does not make such payment within thirty days after the filing of the *remittitur* from the Supreme Court in the court from which the appeal is taken, judgment may be entered, on motion of the respondent, Sarah Hancock Loudon, in her favor against the undersigned surety for such amount, together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant Lewis S. Loudon upon the appeal.''

The appellant contends that the judgment appealed from is erroneous because the undertaking was without consideration. Without doubt an undertaking wholly devoid of consideration is so completely invalid as not to render the sureties liable thereon. [1] The supreme court in the separate maintenance action ruled that Lewis S. Loudon had no right to intervene, and no right to appeal. These matters are *res judicata* in the present appeal. This is not an action upon a bond, but a proceeding to obtain, on motion, in an original suit, a judgment against sureties, under section 942 of the Code of Civil Procedure. Such proceeding and remedy are permitted only on statutory undertakings. (*Powers* v. *Chabot,* 93 Cal. 266, 267 [28 Pac. 1070]; *McCallion* v. *Hibernia·· etc. Society,* 98 Cal. 442, 444 [33 Pac. 329]; *Weldon* v. *Rogers,* 154 Cal. 632, 636 [98 Pac. 1070]; *Reay* v. *Butler,* 118 Cal. 113 [50 Pac. 375].) [2] This is not a statutory undertaking and numerous California authorities absolutely preclude an examination of the question here involved as one of first impression, and require a reversal of the judgment.

Respondent argues that since the judgment rendered is for the payment of money it is one within the purview of section 942 of the Code of Civil Procedure. In this we think he is in error. In designating the cases to which they respectively apply, in proceedings for the execution of bonds on appeal, etc., the phraseology of sections 942, 943, 944, and 945 of the Code of Civil Procedure are similar. In none of

these code provisions do we find a definite specification that the judgment appealed from must have been one against the appellant. For example, section 943 begins: "If the judgment or order appealed from direct the assignment or delivery of documents or personal property, the execution of the judgment or order cannot be stayed by appeal," etc. The same form of statutory enactment is found in the other sections mentioned. Nevertheless, it has been decided in *Halsted* v. *First Sav. Bank,* 173 Cal. 605 [160 Pac. 1075], that these sections apply only "where the *appellant* has money or other property in his possession or under his control which had been adjudged by the lower court to belong to the respondent, or where the appellant has been directed to do some act for the benefit of 'the respondent.'" Other cases ruling to the same effect are: *Zappettini* v. *Buckles,* 167 Cal. 27 [138 Pac. 696]; *Pennie* v. *Superior Court,* 89 Cal. 31 [26 Pac. 617]; *Born* v. *Horstmann,* 80 Cal. 452 [5 L. R. A. 577, 22 Pac. 169, 338]; *Rohrbacker* v. *Superior Court,* 144 Cal. 633 [78 Pac. 22]. In the instant case, although the judgment was one for the payment of money, it was not one for the payment of money by appellant, hence there is no provision for the stay bond which was executed, and it was therefore without consideration. (*McCallion* v. *Hibernia etc. Society,* 98 Cal. 442 [33 Pac. 329]; *Halsted* v. *First Sav. Bank, supra.*)

Respondent insists that expense and delay incident to procuring the dismissal of a void appeal constitute a definite detriment to the person in whose favor a judgment has been rendered, and that this detriment is a sufficient consideration to support the undertaking of the surety company, and cites in support of this argument the *Estate of Kennedy,* 129 Cal. 384 [62 Pac. 64]. As applied to this appeal we think this is a faulty construction of the opinion in that case, for it goes on to say that this reasoning can have no application, however, to an undertaking required merely to secure a stay of proceedings during an appeal which has already been taken. If in the latter case the appeal should be invalid the undertaking is without consideration, and no recovery can be had thereon against the sureties. This decision also holds that there can be no estoppel, as suggested by respondent, which precludes the sureties from raising the defense of

want of consideration, whatever the terms of the instrument
may be. (See, also, *Reay* v. *Butler,* 118 Cal. 113 [50 Pac.
375].)

The judgment is reversed.

Finlayson, P. J., and Works, J., concurred.