[L. A. No. 16350.   In Bank.—October 19, 1937.]

J. E. FULTON et al., Respondents, v. E. TOWNSEND WEBB, Defendant; SALLY RUTH PURVIANCE, Third Party Claimant and Appellant.

S. S. Hahn and W. O. Graf for Appellant.

Everett W. Mattoon, County Counsel, Douglas De Coster, Deputy County Counsel, Aubry Miller and Henry E. Phister for Respondents.

NOURSE, J., *pro tem.*—Petition by Sally Ruth Purviance, a third party claimant, for a writ of *supersedeas.* In an action brought in the superior court plaintiffs had judgment for $4,000 and interest. Petitioner claims to be the owner of certain personal property—three bonds of the par value of $1,000 each which she alleges were unlawfully seized upon a writ of execution and taken from her possession through false representations and deceit. She filed a third party claim under section 689 of the Code of Civil Procedure. The plaintiffs did not bond against redelivery but filed a petition to have the title determined. After hearing thereon, a judg-

ment or order was entered declaring that petitioner was not legally entitled to the bonds but that the legal title was in the judgment debtor subject to plaintiffs' lien. She appealed, but the trial court thereafter made its order that execution should be stayed on the condition only that the petitioner should file a bond in the sum of $3,500 whereby the principal and sureties should undertake to pay to the judgment creditor the full sum of $3,500 together with interest and damages in the event petitioner's appeal from said judgment be affirmed or dismissed. The burden of the petition is that, since the property must remain in the custody of the sheriff throughout the appeal, the trial court could not compel the execution of a bond of this character as a condition of the appeal.

██ The proceeding on the third party claim was in the nature of an action to quiet title to or to determine adverse claims to personal property and hence was one in equity. The appeal was properly taken to this court, and this court may therefore entertain the petition as presenting a matter in aid of its appellate jurisdiction.

██ The judgment on the third party claim was entered on April 2, 1937. On May 13th notice of appeal was filed. Thereafter, and on May 26th the trial court entered a new judgment modifying that of April 2d and requiring the bond as above noted. The judgment of April 2d was rendered in accordance with that portion of section 689 reading: "the court shall give judgment determining the title to the property in question, which shall be conclusive as to the right of the plaintiff, or other person in whose favor the writ runs, to have said property taken, or held, by the officer and to subject said property to payment or other satisfaction of his judgment". As such it was not subject to "modification" after the appeal had been taken. ██ It was a determination of adverse claims to property, and it also directed the sheriff to sell the property to satisfy the judgment creditor in the main suit. Both of these mandatory features of the judgment were stayed by the appeal which was taken under section 953a et seq., Code of Civil Procedure. (2 Cal. Jur., p. 359; *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827].) It should be noted that this appeal was not taken from a money judgment nor from the judgment upon which the execution was issued, but it was taken from the judgment determining the title and adverse claims to the property; the order of

sale is merely ancillary and incidental to that judgment, and is automatically stayed by the appeal. (*Baar* v. *Smith, supra.*)

The effect of the appeal is to leave this question of title suspended and in the same condition as it was in before trial. The sheriff accordingly holds the property which he seized under a writ of execution subject to the third party claim. If he sells the property before title is finally determined he sells at his own risk. Section 689 gives the judgment creditor the privilege of relieving the sheriff of that risk by posting a bond to indemnify him, and the section makes it plain that it is only when such undertaking is given that the sheriff is required to hold the property.

These proceedings are defended by the judgment creditors in the original proceedings, and petitioner should have her costs taxed against them.

Let a writ issue as prayed.

Shenk, J., Curtis, J., Edmonds, J., Knight, J., *pro tem.,* and Waste, C. J., concurred.

Rehearing denied.