[L. A. No. 16970. In Bank.—May 4, 1939.]

A. P. JENSEN et al., Respondents, v. HUGH EVANS & COMPANY (a Corporation) et al., Defendants; L. H. BOOKER et al., Trustees, etc., Appellants.

Olson & Olson, Allen Miller and Robert Clifton for Appellants.

Max Lewis, A. Arnold Klein and Laurence M. Weinberg for Respondents.

SHENK, J.—This application for a writ of *supersedeas* presents the question of the extent of discretion which may be exercised by the trial court in requiring a stay bond on appeal under the 1927 amendment to section 949 of the Code of Civil Procedure (Stats. 1927, p. 874).

In 1935 the plaintiffs Jensen recovered a judgment in the superior court against Hugh Evans, Diversified Real Estate Investments Trust #1, Diversified Real Estate Investments Trust #2, and others. In May, 1938, the sheriff of Los Angeles County levied a writ of execution in aid of the enforcement of said judgment upon deposits totaling $25,000 standing to the credit of said real estate trusts in the Citizens National Trust and Savings Bank in Los Angeles. The money was delivered by the bank to the sheriff. Within due time L. H. Booker, Lillian C. Prentiss-Baker and W. G. Hargis, as trustees of both of said real estate trusts, served and filed third party claims against said funds. The plaintiffs Jensen, instead of giving an undertaking as permitted by section 689 of the Code of Civil Procedure, filed a petition to determine title as provided for by that section. A hearing was duly had, at the conclusion of which the trial court rendered judgment determining that each of the third party claims was without merit and that the trustees were not the owners of the fund, but that the plaintiffs were entitled to the whole thereof. The third party claimants appealed from the judgment adjudicating title to the fund.

The plaintiffs moved the trial court for an order, pursuant to the 1927 amendment to section 949 of the Code of Civil Procedure, requiring the third party claimants to file an undertaking on appeal if they desired the enforcement of the judgment to be stayed pending the appeal. The court made an order requiring the appealing parties to post a surety bond in the sum of $4,000, ''conditioned upon the performance of the judgment upon third party claims heretofore appealed from by third party claimants in the event that the judgment appealed from is affirmed or the appeal is dismissed''.

Prior to 1927 section 949 of the Code of Civil Procedure provided that the perfecting of an appeal stayed proceedings in the trial court without the filing of a bond, in all cases (of which the present is one) not covered by sections 942, 943, 944 and 945 of the same code. Certain exceptions, not here pertinent, are specified in said section 949 where a writ of *supersedeas* is required.

The court's order purports to be pursuant to the 1927 amendment to said section 949, which reads: '' . . . but the court in its discretion may require an undertaking in an

amount to be fixed by it conditioned for the performance of the judgment or order appealed from if the same is affirmed or the appeal is dismissed; . . . ".

■ The present application for a writ of *supersedeas* is made on the ground that section 949 as amended does not vest discretion in the court to order the posting of an undertaking to effect a stay where the judgment appealed from does not require any performance by the appellants. It is the theory of the appellants that inasmuch as the fund, which was the subject-matter of the proceeding to determine title, presumably is in the custody of the sheriff, there is no performance required of the appellants by the judgment from which the appeal was taken; therefore that there is no "performance" which may become the basis of the condition specified by the code and the court's order.

The related code sections and pertinent decisions may properly be considered as bearing upon the legislative intent and purpose in the adoption of the amendment. The language of the amendment suggests the question: Do the words, "conditioned for the *performance* of the judgment", place a limitation on the discretion vested in the trial court; or may the trial court require a bond in every case, regardless of the fact that the judgment, if it be affirmed or the appeal dismissed, requires no performance on the part of the appellants? It is conceded that the only judgment of the trial court in the title proceeding was the adjudication of title accompanied by a direction to the sheriff to release and deliver to the plaintiffs the whole of the money on deposit in partial satisfaction of their judgment. In such a case, would there be any possible ground of recovery under the stay bond specified by the court's order, if the sheriff should fail to comply with the direction upon an affirmance of the judgment?

Commencing with the case of *In re Schedel*, 69 Cal. 241 [10 Pac. 334], appealing parties, under section 942 (requiring an undertaking to stay proceedings on an appeal from a money judgment); section 943 (requiring the placing of documents or personal property in the custody of the sheriff, or an undertaking to stay proceedings where the judgment appealed from directs the assignment or delivery of documents or personal property); section 944 (requiring the execution and deposit of instruments of conveyance to

effect a stay where the judgment directs the execution of a conveyance or other instrument); and section 945 (requiring the filing of an undertaking conditioned against the commission of waste, to effect a stay where the judgment appealed from directs the sale or delivery of possession of real property), have been classified as appellants who are required "to perform the directions of the judgment or order appealed from". In the Schedel case the appeal was from a decree of distribution. The appealing legatee applied to this court for a writ of *supersedeas*. It was held that, since the judgment or decree did not require the appellant "to perform the directions of the judgment", the perfecting of the appeal without the filing of any additional bond stayed the effect of the decree and any further proceedings pending determination of the appeal.

The same distinction was made and similar results followed in the cases of *Born* v. *Horstmann,* 80 Cal. 452 [22 Pac. 169, 338, 5 L. R. A. 577], where the appeal was from an interlocutory decree in partition; *Pennie* v. *Superior Court,* 89 Cal. 31 [26 Pac. 617], where the appeal was by certain claimants from a decree in a proceeding to determine heirship and from an order granting family allowance, as to which the appellants "were not required to do anything"; *In re Woods' Estate,* 94 Cal. 566 [29 Pac. 1108], involving an appeal from a decree adjudging the public administrator entitled to letters of administration as against the appellants; *Zappettini* v. *Buckles,* 167 Cal. 27 [138 Pac. 696], where the appeal was from a judgment decreeing dissolution of a partnership, directing sale of partnership property by the receiver and deposit of the proceeds into court to abide its further order, and adjudging the manner of the application thereof. (See, also, *Rohrbacher* v. *Superior Court,* 144 Cal. 631 [78 Pac. 22]; *Halsted* v. *First Sav. Bank,* 173 Cal. 605 [160 Pac. 1075].)

The facts in the case of *Fulton* v. *Webb,* 9 Cal. (2d) 726 [72 Pac. (2d) 744], were similar to those shown here, but the legal question now presented was not decided. The writ of *supersedeas* was there issued on another ground.

The case of *McCallion* v. *Hibernia Sav. & Loan Soc.,* 98 Cal. 442 [33 Pac. 329], involved conflicting claims of parties plaintiff and defendant to a fund of several thousand dollars. The judgment directed that the plaintiffs were en-

titled to the money and to costs of the action. The defendants appealed and furnished a stay bond in double the amount of the judgment and costs. Upon the affirmance of the judgment and the filing of the *remittitur,* the plaintiffs moved for judgment against the sureties. The sureties appealed from the judgment rendered against them. On consideration of the appeal the court observed that section 942 of the Code of Civil Procedure "applied only to appellants who were required to perform the directions of the judgment or order appealed from". A reversal was ordered on the ground that the judgment did not require a bond to stay execution and that the undertaking was without consideration and void.

The foregoing well-recognized distinction may be said to have moved the legislature to frame, as it did, the amendment to section 949 of the Code of Civil Procedure permitting the trial court to require an undertaking to effect a stay pending appeal in all those cases *not* covered by sections 942 to 945. The use of the words, "conditioned for the performance of the judgment", indicates the intent that a bond may be ordered in such of those cases where the appellant was adjudged to have money or other property in his possession belonging to the respondent, or was required to perform some act for the benefit of the respondent or in pursuance of the directions of the judgment or order appealed from, and that in all other cases the provisions of the section should operate as a stay of proceedings without bond. Applying the intent as so manifested, it would follow that the requirement of a bond in the present proceedings would amount to an abuse of the discretion vested in the court by the language of the amendment. The judgment in this case requires nothing of the appellants. It merely adjudges the title to a fund which reposes *in custodia legis,* awaiting only the final outcome of the controversy before distribution to the parties entitled thereto. The direction for the distribution of that fund by the sheriff (whose performance is protected by his official bond) is not part of the judgment but is ancillary thereto, and is automatically stayed by the appeal. (*Fulton* v. *Webb, supra.*) The parties have not indicated what possible liability would attach to the sureties under the $4,000 undertaking if it were given. The trial court apparently was of the view that the language of the amendment permitted it to exercise a discretion to

require a bond in every case merely upon the application of the respondents; but such exercise would be arbitrary where the posting of an undertaking would amount to nothing more than an empty and expensive formality.

The plaintiffs contend that the issuance of the writ of *supersedeas* at this time would not effect a stay for the reason, so it is claimed, that the direction to the sheriff has been executed. It appears that a warrant had been drawn on the county treasurer for the payment of the fund to the plaintiffs or their attorneys. Payment of the warrant has been withheld because of a temporary stay ordered by the trial court pending the result of the present application. If the requested writ be not issued the judgment will be enforced and the money paid to the respondents unless the appellants comply with the order requiring the undertaking on appeal. The fact that the county treasurer is not a party to the present proceeding will not defeat the operation of the writ for the reason that the fund, in legal contemplation, is in the possession of the sheriff as an officer of the court, with the county treasury as his depository.

We conclude that the facts justify the issuance of the writ, the effect of which will stay any further enforcement of the judgment pending the disposition of the appeal.

Let the writ of *supersedeas* issue accordingly.

Curtis, J., Edmonds, J., Seawell, J., Langdon J., and Houser, J., concurred.