[Civ. No. 21738.  Second Dist., Div. One.  May 1, 1956.]

SYDNEY M. WILLIAMS, Respondent, v. CLAUDE S. SPENCE, Appellant.

Robert C. McMahon and James A. Broderick, Jr., for Appellant.

Morton R. Goodman for Respondent.

NOURSE (Paul), J. pro tem.*—This is an application by the defendant and appellant for a writ of supersedeas to prevent the levy of a writ of execution upon a fund held by another party to the action, but who is not a party to this appeal.

The respondent brought suit against the appellant, and by his complaint sought an accounting of moneys which he alleged defendant had collected for his use and benefit, and prayed a money judgment against the defendant for all moneys which the accounting showed the defendant had collected or received from Quality Films, Inc., in excess of the sum of $6,000, under a contract between plaintiff and defendant on the one hand and Quality Films on the other for the distribution for television exhibition of a motion picture entitled "The Big Show-Off." He did not seek any judgment against Quality Films, and did not make it a party defendant.

The defendant answered, and by his answer admitted that he had collected $10,000 from Quality Films from the proceeds of the distribution of the motion picture above mentioned, but alleged that he was the owner of said motion picture and that the plaintiff had no right, title or interest therein or in

*Assigned by Chairman of Judicial Council.

the contract with Quality Films or in the proceeds from the distribution of the film. He further alleged that the plaintiff had assigned to him all his right, title and interest in the film and in the agreement and in the proceeds under the agreement, in consideration of the release by him of all claims against the plaintiff.

The defendant also filed a cross-complaint in which he joined as cross-defendants the plaintiff and Quality Films, Inc. This cross-complaint was entitled "Cross-Complaint (Declaratory Relief)." By this complaint he alleged that a controversy existed between the plaintiff and the defendant as to their ownership of the motion picture and of their rights under the contract with Quality Films, and by the prayer of the complaint sought a declaration of the rights of plaintiff and defendant in and to said motion picture and under said contract. Defendant did not, by his complaint, seek a money judgment against either of the cross-defendants, but did pray that the court make such orders as would make effective its declaration of the rights of the parties and prevent further litigation.

In his answer to this cross-complaint, the plaintiff did not deny that a controversy existed between him and the cross-complainant, but did deny that a controversy existed involving the interest, right, or duty of Quality Films, and alleged that said firm was in the position of a mere stakeholder awaiting settlement or adjudication of the rights of plaintiff and defendant; he did not pray for any judgment against Quality Films, but prayed only for the relief prayed for in his complaint.

By its answer to the cross-complaint, Quality Films alleged that it was a stakeholder of certain funds which it was willing to turn over to the party entitled thereto. It prayed that judgment be entered directing the names of the persons to whom the moneys held by it should be paid, and further prayed for attorney's fees in accordance with the terms of its contract with the plaintiff and the defendant.

By its findings the court, among other things, found that the present and future interests of the plaintiff and the defendant in the motion picture were, respectively, 85 per cent in the plaintiff and 15 per cent in the defendant; that Quality Films had on hand and available for distribution to plaintiff and defendant the sum of $3,849.98; that the assignment made by the plaintiff to the defendant was an assignment given as security for the payment to the de-

fendant of the sum of $10,000 and that the defendant had collected $573.95 in excess of that amount and had withheld that sum from the plaintiff.

As conclusions of law the court found the plaintiff entitled to a judgment decreeing that he was the owner of 85 per cent of said motion picture, and that the defendant was the owner of 15 per cent; that the plaintiff and defendant were entitled to judgment against the cross-defendant Quality Films as follows:

"A. That the distribution proceeds under the contract dated December 12, 1951, on hand as of January 15, 1956, shall be distributed as follows:

> To SYDNEY M. WILLIAMS ................$3547.84
> To CLAUDE S. SPENCE ...................$  52.14

"B. That all future proceeds under said contract shall be distributed to said parties in the following proportions:

> To SYDNEY M. WILLIAMS ................. 85%
> To CLAUDE S. SPENCE .................... 15%"

By its judgment it decreed that plaintiff was the owner of 85 per cent of the motion picture and the defendant of 15 per cent, and further decreed:

"5. Plaintiff SYDNEY M. WILLIAMS shall recover from the cross-defendant QUALITY FILMS, INC., from funds in the possession of said cross-defendant as of January 15, 1956, and belonging to plaintiff SYDNEY M. WILLIAMS and defendant CLAUDE S. SPENCE, the sum of $3,547.84.

"6. Defendant CLAUDE S. SPENCE shall recover from the cross-defendant QUALITY FILMS, INC. from funds in the possession of said cross-defendant as of January 15, 1956, and belonging to plaintiff SYDNEY M. WILLIAMS and defendant CLAUDE S. SPENCE, the sum of $52.14.

"7. Cross-defendant QUALITY FILMS, INC. shall hereafter distribute all net proceeds received from the television distribution of the motion picture entitled 'The Big Showoff', received after January 15, 1956, in the following proportions:

> "A. To plaintiff SYDNEY M. WILLIAMS ........ 85%
> "B. To defendant CLAUDE S. SPENCE ......... 15%."

After entry of the judgment plaintiff caused execution to issue against Quality Films, Inc., to enforce paragraph 5 of the judgment, which is above quoted. The sheriff has served this writ upon Quality Films, but by reason of the temporary stay issued by this court upon the filing of the petition now under consideration, the sheriff has not collected from Quality

Films the amount in which, on the face of the judgment, it is indebted to the plaintiff, to wit: the sum of $3,547.84.

Defendant has appealed from the judgment entered by the court, and the whole thereof. This appeal stays the judgment insofar as it declares the rights of the parties (Code Civ. Proc. § 949). If, however, paragraph 5 of the judgment does in fact constitute a money judgment in favor of the plaintiff and against Quality Films, defendant's appeal will not stay that judgment nor can he stay it by filing a bond, for there is no money judgment against him and any stay bond given by him would be without consideration and unenforceable (*Halsted* v. *First Savings Bank,* 173 Cal. 605, 608 [160 P. 1075]). Quality Films is the only party which could stay the judgment pursuant to the terms of section 945, Code of Civil Procedure, and it has not appealed from the judgment.

We have reached the conclusion, however, that paragraph 5 does not in fact constitute a money judgment against Quality Films. ▓ In determining the scope and effect of that judgment and its meaning, we may look to the entire judgment roll for the purpose of interpreting it (*Freeman* v. *Donohoe,* 188 Cal. 170, 172 [204 P. 593]).

▓ Looking at the judgment roll we find that neither plaintiff nor defendant, by their pleadings, prays any affirmative relief against Quality Films. There is, therefore, no basis for a money judgment against it. Further, the court, by its conclusions of law, did not direct a money judgment against Quality Films, but only found and concluded that the plaintiff and defendant were entitled to distribution from Quality Films of certain amounts of money from the funds then in its hands, and for distribution of future proceeds coming into its hands under its contract with the parties, in certain proportions.

It is evident that the findings of the trial court and its conclusions of law as to the amounts in the hands of Quality Films were only a part of its declaration of the rights of the plaintiff and the defendant made pursuant to the prayer of the cross-complaint for declaratory relief and the prayer of the plaintiff's answer to that cross-complaint that Quality Films, Inc., be declared a stakeholder.

It is self-evident that if appellant should prevail on his appeal and it should be ultimately held that he was the owner of all or a greater portion of the motion picture and the rights under the contract with Quality Films than he was given by

the present judgment, that paragraphs 5 and 6 of the judgment could not stand, for the amounts which Quality Films is, by these paragraphs, ordered to pay to plaintiff and defendant, respectively, are dependent entirely upon the court's findings as to their respective percentages of ownership of the film and under the contract.

The true nature of paragraphs 5 and 6 is also indicated by the fact that the court, in paragraph 7, fixes the rights of the parties as to future payments.

We are convinced that it was the intent of the trial court by paragraphs 5 and 6 to merely declare the rights of the parties in the funds held by Quality Films, Inc., just as it declared their rights to future proceeds from the distribution of the picture, in accordance with the pleadings of the parties and the prayers of their pleadings; and that it was not its intent to grant relief beyond that sought by the pleadings or permissible thereunder.

We hold, therefore, that paragraph 5 does not constitute a money judgment in favor of the plaintiff and against Quality Films, and that the plaintiff is not entitled to a writ of execution to enforce the provisions of that paragraph.

■ Respondent contends that inasmuch as a writ of execution had been issued and served upon Quality Films before issuance of this court's order temporarily restraining proceedings in the court below, a writ of supersedeas cannot issue inasmuch as that writ may only be used to hold matters in abeyance pending the determination of the appeal and cannot be used to undo that which has already been done (*Messenkop* v. *Duffield*, 211 Cal. 222, 225 [294 P. 715]). In the case at bar, however, while the execution was levied by service upon Quality Films before our restraining order issued, Quality Films has not paid the money over to the sheriff nor made a return to the sheriff upon the garnishment. We may, therefore, by a supersedeas, stay the sheriff from collecting the fund in question from Quality Films and turning it over to plaintiff; and stay any proceedings supplemental to execution pursuant to section 717, 718, 719, 720 or 721 of the Code of Civil Procedure, and thus hold the matter in statu quo until the appeal has been disposed of.

It appears to us that the appeal does present a substantial question, and that if a stay of proceedings is not granted defendant might lose the fruits of his appeal should he be successful in it; for we cannot now say that if upon the appeal or a retrial of the action it should be held that defendant was

the owner of the motion picture and therefore entitled to the entire proceeds from it, he could compel Quality Films, Inc., to pay him the amount which, under the execution now outstanding, it had paid to the plaintiff (see *Halsted* v. *First Savings Bank, supra,* p. 610). It also appears improbable that appellant could have any relief as against the respondent under the provisions of section 957 of the Code of Civil Procedure, and that as respondent is now a resident of a foreign country that such relief, even if it could be given, would prove ineffective to give appellant the fruits of his appeal.

Respondent also asks that if we issue a writ, we require the appellant to give a bond such as was required by the court in *Halsted* v. *First Savings Bank, supra.* We are not so inclined. At the oral argument counsel for Quality Films appeared and offered to pay the entire fund in its hands into court to await the determination of the appeal and then be distributed by the clerk pursuant to the terms of the final judgment entered, or to deposit these funds in any other depository that might be agreed to by the parties in such manner that it would bear interest pending final judgment. To such a procedure appellant acquiesced, but respondent did not. We cannot, therefore, believe there is much substance in his professed fear that Quality Films may be judgment-proof when a judgment in the pending action becomes final.

Let a writ of supersedeas issue as prayed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied May 10, 1956.