[Civ. No. 27021. Second Dist., Div. Four. Apr. 5, 1963.]

EDMOND BESHARA, Plaintiff and Respondent, v.
WILLIAM GOLDBERG, Intervener and Appellant.

Milton Zerin for Intervener and Appellant.

John Hay for Plaintiff and Respondent.

BURKE, P. J.—This is an application by appellant William Goldberg for a writ of supersedeas to restrain an execution sale pending his appeal from an order denying his motion as an intervener, to quash plaintiff's levy of attachment.

On December 13, 1960, the plaintiff in this action brought suit against C. A. Petrie to recover upon a promissory note for the sum of $8,250, together with interest and attorneys' fees. On the same date plaintiff caused a writ of attachment to be issued, delivering said writ to the Sheriff of the County of Los Angeles with written instructions to attach the following described property standing as a matter of record in the name of defendant: "All right, title and interest of Defendant C. A. Petrie in and to that certain 'Assignment of Oil Payment' recorded September 27, 1960, in Book M 612— Page 372 official records Los Angeles County Recorder. Said assignment being from Buttram Texhoma Company to F. R. Anderson & C. A. Petrie covering oil payment rights in and to oil and gas extractions from real property as described in Exhibits and Tracts made a part of said recorded document."

The return of the levying officer states that on December 14, 1960, he attached the above described "personal property," "by personally delivering to the County Recorder of Los Angeles County, for record, a true copy of said writ, together with written notice of said attachment and description of the property attached thereto, at his office in the City of and County of Los Angeles, State of California."

By an assignment dated February 28, 1961, and recorded March 3, 1961, defendant Petrie assigned to petitioner all of his right, title and interest in and to the oil payment described in the above "assignment of Oil Payment," for which petitioner paid to Petrie the sum of $30,000. The assignment contains a warranty that, with the exception of certain prior assignments of percentage interests in said oil payments made by assignor, "there are no outstanding attachment or liens against his said interest." Petitioner testified that it was about a year and a half after this assignment that he first learned of the attachment.

It appears that, pursuant to stipulation between plaintiff and defendant in the main action, on September 17, 1962, a minute order of the court ordered judgment for plaintiff against the defendant for $10,391.70. The formal judgment was filed on November 20, 1962.

In the meantime, on October 9, 1962, petitioner filed with the levying officer his verified third party claim. Plaintiff not having given an undertaking to have said property retained under the attachment, petitioner filed in the respondent court on October 19 a petition for a hearing to determine title—this action by petitioner, pursuant to sections 549 and 689 of the Code of Civil Procedure, being prompted by the sheriff's return stating that he had attached *personal* property.

Subsequently, on October 30, 1962, in the belief that the property in question was *real property,* petitioner intervened in the action and moved to quash the levy of attachment upon the ground that the formalities required by law to perfect the attachment had not been followed. It is petitioner's claim that no valid lien resulted from the purported attachment since the only action taken by the levying officer was the recordation of a notice of attachment and of the writ of attachment with the Los Angeles County Recorder; that a copy of the writ was not served upon an occupant of the property, nor was a copy posted upon the property as required by section 542, Code of Civil Procedure. Plaintiff filed a motion to quash and disallow the third party claim, in opposition to which intervener filed a memorandum in which it was contended that it was immaterial whether the property in question was real or personal since the action taken by the levying officer was insufficient to perfect the lien under any of the provisions of section 542.

These matters came on for hearing on November 14, 1962, with a formal order, together with findings of fact and conclusions of law, filed on December 5, 1962. The court determined that intervener's assignment from the defendant and recordation thereof was admittedly "in point of time subsequent to the date of Plaintiff's said attachment"; that intervener admitted he was represented by an attorney in the purchase by assignment of said property and that neither he nor his attorney searched nor caused to be searched the records of the county recorder. The court further found that the levying officer "in accordance with law perfected said attach-

ment'' by the recordation of said writ and the filing of his return in the within matter; and that ''the Plaintiff properly met all requirements of the law in perfecting and recording his said attachment and that the Sheriff of Los Angeles County performed his duties and legal requirements in carrying out his instructions with reference thereto.'' Based upon these findings, the court disallowed intervener's third party claim, declaring it to be a nullity, and granted plaintiff's motion to quash the same. Intervener's motion to quash plaintiff's attachment was denied and the appeal is taken from that order.

Petitioner alleges in the within application for supersedeas that plaintiff has obtained a writ of execution, and he has been notified by the sheriff of an execution sale set for *January 4, 1963*. This court issued a temporary stay to prevent the sale pending determination of the within petition. No opposition to the granting of the petition was filed, and upon the hearing of the order to show cause on February 5, 1963, the matter was submitted without argument.

An order refusing to vacate an attachment is an appealable order. (Code Civ. Proc., § 963.) The appeal from an order of this type automatically stays execution without bond pending the determination of the appeal. (Code Civ. Proc., § 949.) The proceeding upon the complaint in intervention was in equity, in the nature of an action to quiet title, and the order determining the rights of the parties is not one within sections 942, 943, 944, or 945 of the Code of Civil Procedure. Thus, it is an order within the purview of section 949, which provides, with exceptions not here applicable, that ''in cases not provided for in sections 942, 943, 944 and 945, the perfecting of an appeal stays proceedings in the court below upon the judgment or order appealed from; . . .'' (Cf. *Jensen* v. *Hugh Evans & Co.*, 13 Cal.2d 401, 404, 406 [90 P.2d 72]; *Fulton* v. *Webb*, 9 Cal.2d 726, 728-729 [72 P.2d 744]; *Keeling Collection Agency* v. *McKeever*, 209 Cal. 625, 627, 629 [289 P. 617]; *Baar* v. *Smith*, 201 Cal. 87, 103 [255 P. 827]; *McCallion* v. *Hibernia etc. Society*, 98 Cal. 442 [33 P. 329]; *Root, Neilson & Co.* v. *Bryant*, 54 Cal. 182; *Williams* v. *Spence*, 141 Cal.App. 2d 213, 217 [296 P.2d 577].)

 It is stated in *Estate of Dabney*, 37 Cal.2d 402, 407 [232 P.2d 481]: ''It is further established that where, as here, the order appealed from requires no acts to be performed by appellants for the benefit of respondents 'or in pursu-

ance of the directions of the judgment or order appealed from,' no bond may be required from appellants in order to effect the stay of proceedings under section 949 of the Code of Civil Procedure. [Citations.]''

Two other propositions pertinent to the within situation are stated in *Estate of Dabney, supra,* 37 Cal.2d 402, 408. First, ''. . . that even where an appeal effects a statutory stay, the writ of supersedeas will issue 'in a corrective capacity' in case of a violation or threatened violation of such stay.''
Secondly, ''. . . since the appeal operates to set up an automatic statutory stay, this court will not 'balance or weigh the arguments with reference to the possible irreparable injury to appellants or respondents as would be necessary if the question of the issuance of the writ was solely a matter of our discretion.' (*Feinberg* v. *One Doe Co.* (1939) 14 Cal.2d 24, 29 [92 P.2d 640].)'' The writ in this situation issues practically as a matter of right. (See 3 Witkin, California Procedure, §§ 59, 60, pp. 2210, 2214.)

Even if the matter were one committed solely to the discretion of this court, it is our conclusion that the writ should issue to preserve the *status quo* pending appeal. The ultimate questions to be determined upon the appeal are whether the attachment was in fact levied upon the property so as to create a valid lien thereon and, if so, whether the intervening right of appellant in the property is subordinate to the attachment lien. The appeal appears to have been taken in good faith, with substantial questions presented for determination. It should be noted that the appeal does not operate to stay enforcement of the money judgment obtained by plaintiff against defendant, for the appeal is not from that judgment but from the order determining the adverse claims to the property (see *Fulton* v. *Webb, supra,* 9 Cal.2d 726, 728; *Crowley* v. *Superior Court,* 17 Cal.App.2d 52, 54-55 [61 P.2d 372]); however, defendant was not the owner of the property at the time the judgment was entered. Legal title to the property rests in appellant and until the validity and effect of the attachment lien is finally determined a stay is reasonably necessary to protect the property in case of a reversal. Although an execution sale, should the order be reversed, would be ineffectual to pass title to a purchaser, yet it would be sufficient to cast a cloud upon appellant's title and create serious doubts as to its validity. On the other hand, no claim has been made by plaintiff in the case that a stay would be

detrimental to him or that he would be left with an empty victory by reason thereof in case of affirmance.

Let the writ issue as prayed.

Jefferson, J., concurred.