[S. F. No. 11123. In Bank.—May 9, 1924.]

### E. CULLINAN et al., Respondents, v. MERCANTILE TRUST COMPANY OF CALIFORNIA (a Corporation), etc., et al., Defendants; ADELAIDE McCOLGAN, as Administratrix, etc., et al., Appellants.

[1] SUPERSEDEAS—JUDGMENT—APPEAL—TRUSTS.—A judgment against a trust company as holder of certain bonds under an express trust and against beneficiaries thereunder providing for the payment to plaintiffs by the trust company of a specified sum, payable only out of the funds in its hands or which should come into its hands under the trust, may be appealed from by said beneficiaries, but their appeal does not stay the execution of that portion of the judgment which is directed at the trust company, which has not appealed.

[2] ID.—SUPREME COURT—DISCRETION.—The power to grant a writ of *supersedeas* to stay the execution of a judgment pending an appeal is vested in the supreme court where the circumstances are such as to invoke its exercise.

[3] ID.—APPEAL—JUDGMENT—EVIDENCE.—A writ of *supersedeas* will not be granted to stay the execution of the entire judgment against the trust company and beneficiaries pending the appeal by the beneficiaries, where the latter are the beneficiaries of but a fraction of the fund involved in the judgment and both the plaintiff and the trust company are solvent and financially responsible,

no facts being suggested from which it would appear that any of the rights involved in the appeal are in danger of being lost or prejudiced if the execution is not stayed.

APPLICATION for a Writ of Supersedeas to stay execution of a judgment. Writ denied.

The facts are stated in the opinion of the court.

Alfred J. Harwood and Geo. B. Keane for Appellants.

Julian D. Cohn for Respondents.

THE COURT.—This is a petition for a writ of *supersedeas.* Plaintiffs herein brought an action in the court below against the defendant Trust Company as the holder of certain funds under an express trust, the terms of which are defined in a judgment which has become final, and joined therein as codefendants certain individuals who were beneficiaries under said trust. Plaintiffs had judgment against the defendants in the court below which provided for the payment to the plaintiffs by the Trust Company of the sum of $5,724.89, payable only out of the funds in its hands or which should come into its hands under said trust. The Trust Company did not appeal from said judgment, but petitioners herein, who are two of the individual defendants named therein as beneficiaries under the trust, have perfected an appeal to this court. **[1]** The judgment as rendered required nothing of these petitioners, but they are, nevertheless, parties interested therein and aggrieved thereby and are entitled to appeal therefrom. They contend herein that the perfection of their appeal operates as a statutory *supersedeas* against the entire judgment, including the portion thereof requiring the payment of the fund by the trust company to the plaintiff. In this they are mistaken. Their appeal does not stay the execution of that portion of the judgment which is directed at the Trust Company, which has not appealed (*Pennie* v. *Superior Court,* 89 Cal. 31 [26 Pac. 617]; *Halsted* v. *First Sav. Bank,* 173 Cal. 605, 608 [160 Pac. 1075]). This point having been ruled against them, petitioners then asked for the writ as a matter of grace in the exercise of the discretion vested in this court. **[2]** There is no doubt that the power to grant

this relief is vested ·in this court where the circumstances are such as to invoke its exercise (*Halsted* v. *First Sav. Bank, supra; Southern Pac. Co.* v. *Superior Court,* 167 Cal. 250 [139 Pac. 69], *Nonpareil Mfg. Co.* v. *McCartney,* 143 Cal. 1 [76 Pac. 653]). **[3]** We are of the opinion that the circumstances of the instant case are not such as to call for the granting of the relief prayed for herein. Petitioners are the beneficiaries of but a fraction of the fund involved in the judgment. It is conceded that both the plaintiff and the Trust Company are solvent and financially responsible. No facts are suggested from which it would appear that any of the rights involved in this appeal are in danger of being lost or prejudiced if the execution is not stayed.

The application is denied and the order to show cause discharged.