[Civ. No. 5486. First Appellate District, Divsion One.—December 27, 1926.]

EUSTACE CULLINAN et al., Respondents, v. MER-CANTILE TRUST COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

[1] JUDGMENTS — ENFORCEMENT — ATTORNEY'S FEES — PAYMENT OUT OF TRUST FUNDS — NOTICE TO BENEFICIARIES — JURISDICTION—STAY.—Where the right of plaintiffs in an action for legal ser-vices rendered a trust estate was adjudicated in that action, to which the trustees and beneficiaries of the trust estate were par-ties defendant, and the judgment required the claim to be paid from a trust fund of which the court had jurisdiction, and a proceeding by the beneficiaries for *supersedeas* did not stay exe-cution of the judgment, an order directing the trustee to satisfy the charge created by the judgment was an appropriate means for its enforcement and might issue without notice to the bene-ficiaries.

(1) 39 Cyc., p. 461, n. 61.

APPEAL from orders of the Superior Court of the City and County of San Francisco, fixing the reasonable value of legal services rendered for the benefit of a trust estate. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alfred J. Harwood and George D. Collins, Jr., for Ap-pellants.

Julian D. Cohn for Respondents.

CASHIN, J.—Appeals from orders made after the entry of a judgment fixing the reasonable value of ser-vices rendered for the benefit of a trust estate, and ad-judging that the amount thereof be paid therefrom.

The orders required the trustee to pay the amount of the judgment. The judgment mentioned was appealed from by certain of the beneficiaries of the trust, who are also the appellants here, and the judgment was affirmed by this court (*Cullinan et al.* v. *Mercantile Trust Co., ante,* p. 377 [252 Pac. 647]). The trustee, which was joined as a de-

fendant in the original action and to which the orders were directed, took no appeal either from the judgment or the orders. The orders were made without notice to appellants, and followed a hearing on an order to show cause served on the trustee. Following their appeal from the original judgment two of the appellants applied to the supreme court, where the appeal was then pending, for a writ of *supersedeas* to stay its execution (*Cullinan et al. v. Mercantile Trust Co., etc., et al.,* 193 Cal. 562 [226 Pac. 4].) The court in denying the writ said: "The judgment as rendered required nothing of these petitioners, but they are nevertheless parties interested therein and aggrieved thereby and are entitled to appeal therefrom. They contend herein that the perfection of their appeal operates as a statutory *supersedeas* against the entire judgment, including the portion thereof requiring the payment of the fund by the trust company. In this they are mistaken. Their appeal does not stay the execution of that portion of the judgment directed at the trust company, which has not appealed," citing *Halsted* v. *First Savings Bank,* 173 Cal. 605, 608 [160 Pac. 1075].

[1] The right of plaintiffs was adjudicated in an action to which the trustee and beneficiaries were parties defendant, and the judgment required the claim to be paid from a trust fund of which the court had jurisdiction. It having been held in the proceeding for the writ of *supersedeas* that the execution of the judgment as to the trustee was not stayed, the plaintiffs were entitled to the means provided by law for its enforcement. An order directing the trustee to satisfy the charge created by the judgment on the trust fund was an appropriate means for its enforcement, and, like the ordinary process for the enforcement of a money judgment, might issue without notice to appellants.

The orders are affirmed.

Tyler, P. J., and Knight, J. concurred.