[L. A. No. 13866. In Bank.—December 21, 1932.]

MAY E. TUCKER et al., Petitioners, v. GEORGE W. HOWE, Respondent.

Vinetz & Gitelson for Petitioners.

William J. O'Brien for Respondent.

PRESTON, J.—These petitioners, May E. Tucker and Dorothy Tucker, seek by writ of *supersedeas* to enjoin respondent Howe from proceeding with the trial of an action in Del Norte County pending their appeal in said cause from an order denying motion for change of venue.

The facts alleged are as follows: In September, 1928, respondent executed in favor of petitioner May E. Tucker, a certain promissory note in the sum of $10,000, secured by trust deed on property in Del Norte County, designating petitioner Dorothy Tucker as trustee, petitioner May E. Tucker as beneficiary and respondent as trustor. On January 19, 1930, the deed of trust was recorded in Del Norte County. On August 4, 1930, petitioner May E. Tucker commenced an action in the Los Angeles County Superior Court, No. 306894, against respondent, seeking to recover upon said promissory note. On August 30th respondent commenced an action in Del Norte County for cancellation

of the said note and deed of trust. Respondent made no motion for change of venue in the Los Angeles action but on September 27, 1930, filed therein an answer and cross-complaint setting forth the substance of his complaint in the Del Norte County action. On June 30, 1931, the Los Angeles County Superior Court issued an injunction restraining respondent from proceeding with the Del Norte County action until determination of the Los Angeles County action. On March 29, 1932, the latter cause came on for trial. Respondent voluntarily dismissed his cross-complaint and objected to the introduction of evidence upon the ground that the complaint failed to state a cause of action in that, although it alleged that the note was secured by deed of trust, it contained no allegation that the security had been exhausted or was valueless. (*Bank of Italy* v. *Bentley*, (Cal. App.) [4 Pac. (2d) 546].) This objection was sustained and on the same day respondent served an amended summons and complaint in the Del Norte cause upon petitioners. Petitioners thereupon appealed from said decision in the Los Angeles action and on April 27, 1932, petitioner Dorothy Tucker, as trustee, upon written request of May E. Tucker, executed and recorded a full reconveyance of the deed of trust and caused same to be recorded in Del Norte County, on May 2, 1932. In June, 1932, petitioners' motion for change of venue in the Del Norte County action was denied and they perfected an appeal from such ruling. On August 25, 1932, they instituted this proceeding by filing petition for writ of *supersedeas*, followed on September 23, 1932, by a supplemental petition, setting forth the above facts and further alleging that petitioners are residents of Los Angeles County, which is 746 miles from Del Norte County; that they are without funds to employ counsel, take depositions or to themselves attend a trial in the latter county; hence they pray that the trial there be stayed pending determination of their appeal from the order denying motion for change of venue.

On September 1, 1932, this court, reversing the former decision in *Bank of Italy* v. *Bentley, supra,* (Cal.) [14 Pac. (2d) 85], held that an action may be brought on a note secured by trust deed without first exhausting the security. Later this court granted a rehearing and the cause is now pending and undetermined. This issue may

have an important bearing on the proper determination of the complex situation presented by the instant cause, and a *supersedeas* to maintain its *status quo* pending said appeal is justified for this and other reasons appearing from the facts above recited.

Let the writ issue as prayed.

Shenk, J., Langdon, J., Seawell, J., Tyler, J., *pro tem.,* and Waste, C. J., concurred.