[S. F. No. 15509. In Bank.—November 8, 1935.]

HOWARD E. KENTFIELD et al., Plaintiffs and Respondents, v. EDWARD E. KENTFIELD, Defendant and Respondent; FLORENCE E. KENTFIELD CANON et al., Appellants.

No appearance for Appellants.

Earl F. Treadwell for Plaintiffs and Respondents.

A. G. Goodrich for Defendant and Respondent.

THOMPSON, J.—This is a petition for a writ of *supersedeas*. Howard E. Kentfield and Edward F. Treadwell, as trustees of an express trust, began this action to settle accounts, fix the compensation of the trustees and obtain a determination and declaration of whether the balance of the trust funds in their hands should be held and applied to the support of Edward E. Kentfield or should be paid to Edward E. Kentfield as distributee in the estate of his son, John E. Kentfield. The answer of the defendant Edward E. Kentfield asks for a settlement of accounts and fixing of compensation of the trustees and an order directing the payment of the balance in the trust fund to him. The answer of the defendants Florence E. Kentfield Canon and Ethel C. Kentfield asks that the balance of the trust fund be retained by the trustees and applied by them to the support and maintenance of Edward E. Kentfield.

The trust was created by Edward E. Kentfield for the purpose of paying off his indebtedness to his children and providing for his support during life. The trustees were Edward F. Treadwell and two sons of Edward E. Kentfield, John (since deceased) and Howard. The trustees were to pay to Edward E. Kentfield sufficient sums for his support during life and upon his death the property was to go to his children. The debts to the two daughters and Howard were completely paid off but an indebtedness to John Kentfield in the neighborhood of $9,000 remained unpaid at the time of his death and the note evidencing such indebtedness was distributed to Edward E. Kentfield as his son's sole heir.

Judgment was rendered settling the accounts and fixing the compensation of the trustees and further determining that the indebtedness of Edward E. Kentfield to his son John was

not extinguished by distribution of the notes to him but that as holder thereof he was entitled to payment thereof from the trust fund so far as possible and ordering that the trustees pay to Edward E. Kentfield the balance remaining in their hands on settlement of the accounts, or the sum of $10,221.26.

The two daughters, Florence E. Kentfield Canon and Ethel C. Kentfield, beneficiaries under the trust and defendants in the action commenced by the trustees, have appealed from that portion of the judgment adjudging the indebtedness to John was not discharged by the distribution of the notes to Edward E. Kentfield and that Edward E. Kentfield as holder is entitled to payment from the trust estate and directing the trustees to pay to him the balance in their hands.

The plaintiff trustees, who have not appealed from the judgment, are the petitioners here. They allege the perfection of the appeal by Florence E. Kentfield Canon and Ethel C. Kentfield and a stipulation that during the pendency of the appeal the defendant Edward E. Kentfield is to receive from the trust fund the sum of $100 a month for his support and that the trustees may pay him such additional sums as they shall deem proper for his support, maintenance and medical care; that, notwithstanding the stipulation and payment thereunder by the trustees, Edward E. Kentfield intends to cause execution to issue; that he is largely indebted, has no property other than his interest in the trust and if the money is paid to him it will become subject to his debts and he would be entirely unable to repay the amount in case of a reversal. The trustees ask the issuance of the writ to protect them from liability to the appellants as well as to the respondent and, in view of the stipulation, ask that the writ issue without bond although they offer to pay the money into court to await the final determination of the appeal.

The appeal by the beneficiaries does not operate as a statutory *supersedeas* as to that portion of the judgment directed to the nonappealing trustees. (*Halsted* v. *First Savings Bank,* 173 Cal. 605 [160 Pac. 1075] ; *Cullinan* v. *Mercantile Trust Co.,* 193 Cal. 562 [226 Pac. 4].) We are convinced that the circumstances are such as to warrant the issuance of the discretionary writ. It appears that the respondent is 79 years of age and largely indebted, that the purpose of the trust was in large part to provide a fund for his maintenance and support, that he has no other property and

that the trust involved in the present litigation was the second trust formed for the purpose of obtaining a more competent management of his properties so as to repay his children and provide security for the trustor. By the trust instrument the appealing defendants are released from liability for his support. It appears that there is grave danger of the dissipation of the trust money should the petitioners be compelled to pay it over pending the appeal, with corresponding serious injury to them should a reversal result. Without a stay the appeal of the beneficiaries would be rendered less effective as a remedy since, in case of the dissipation of the funds by respondent he would be unable to respond to the judgment and the trustees would undoubtedly strenuously resist any attempt to impose a double liability upon them. The appeal appears to be taken in good faith and for the purpose of continuing the trust, the management of which by the present trustees was approved by the trial court, and thus providing with some degree of certainty for the future support of the respondent. (*Halsted* v. *First Savings Bank, supra; Macario* v. *Macario,* 208 Cal. 601 [283 Pac. 291].)

Having concluded that the writ should issue, it becomes necessary to determine whether conditions to its issuance should be fixed. It appears from the account that the money is on deposit in a savings account drawing interest. It further appears that the account of the trustees has heretofore been approved and confirmed by the court, that all of the parties to the litigation signed the trust agreement appointing the trustees and there appears to be no interest in the trustees other than the due execution of their trust. Under the peculiar circumstances, there seems to be no reason why the trust estate should be compelled to lose interest by a requirement that the money should be deposited in court or that the trust estate should be put to the expense of a bond.

It is ordered that the writ of *supersedeas* issue as prayed.

Shenk, J., Langdon, J., Curtis, J., Seawell, J., Conrey, J., and Waste, C. J., concurred.