[S. F. No. 15709. In Bank.—October 26, 1936.]

ANNA B. NUCKOLLS, Plaintiff and Respondent, v. THE BANK OF CALIFORNIA, NATIONAL ASSOCIATION et al., Defendants and Respondents; M. C. SYMONDS et al., Appellants.

Charles A. Christin and Torregano & Stark for Appellants.

Maurice R. Carey, Lloyd Hummel, John A. Gorfinkel and Pillsbury, Madison & Sutro for Respondents.

THE COURT.—Petition for a writ of *supersedeas*. So far as is material here, the petition alleges that the above-entitled action is now pending in this court; that the judgment appealed from ordered the foreclosure of defendant Horatio McMillan's interest in a certain trust of real and personal property of which defendant Bank of California is trustee; that the appellants are subsequent lien creditors of Horatio McMillan and holders of subsequent assignments of his interest in the trust; that prior to the entry of judgment McMillan was adjudicated a bankrupt and petitioner was appointed trustee of his estate; that as such trustee petitioner intervened in the above action and defended the same on the ground the transaction forming the basis of the action was tainted with usury; that the trial court found that the transaction when entered into was usurious, but held that the defense was not available for the reason that the usury law had been repealed in 1934 by the addition of a new section to the state Constitution—section 22 of article XX; that this conclusion was based upon the deci-

sion of the District Court of Appeal in *Andrews* v. *Reidy*, (Cal. App.) 54 Pac. (2d) 30; that subsequent to the entry of judgment in the present case this court granted a hearing in the Reidy case, and that cause is now pending in this court; that the trial court has ordered the sale of the interest of McMillan in the trust to satisfy the judgment of plaintiff and that a commissioner has been appointed and a date fixed for the sale; that McMillan's estate is devoid of assets and petitioner is unable to furnish a bond to stay proceedings; that the main part of the trust estate consists of assets of a nonfluctuating nature. On information and belief it is alleged that plaintiff Anna B. Nuckolls is insolvent and, in the event of a reversal, will be unable to account for the proceeds received at the sale.

Defendant Bank of California has filed an answer in which it is alleged that it is a disinterested party in these proceedings and stands ready to act in accordance with the orders of this court, or of any other court that has jurisdiction of the trust. This defendant, as an exhibit to its answer, lists the assets of the trust. It is therein disclosed that the trust assets consist of stocks and bonds and over $32,000 in cash.

The defendant Nuckolls made her return by way of general demurrer and answer. So far as pertinent here, the answer admits that the estate of McMillan is insolvent and that the trustee is financially unable to put up a bond. It is further alleged that the trial court based its decision not only on the finding that the usury law had been repealed, but also on the finding, quoted in the answer, that Nuckolls was a *bona fide* purchaser of the note upon which the action was based, without notice of its usurious character, and that therefore, even if the usury law was not repealed, the defense could not be urged against her. This defendant vigorously denies that she is insolvent and will be unable to return the money in the event of a reversal. She alleges that she possesses unencumbered assets, which she lists, totaling over $120,000. She also denies that the trust assets are of a nonfluctuating nature. She alleges that the stocks and bonds not only are fluctuating, but that their value will be materially affected by the result of several cases, now pending in the United States Supreme

Court. It is also alleged that the $32,000 in cash in the trust fund is in a special deposit, and not drawing interest.

The appellant Symonds, in addition to his petition, has also filed an affidavit containing a few of the findings and conclusions of the trial court.

It is to be noted that the pleadings and other papers upon which this cause was submitted do not contain a complete copy of the trial court's findings and conclusions, nor do they contain a copy of the judgment. The exact nature of the judgment is not disclosed. If the judgment is one that could be stayed by the filing of a bond by appellant Symonds in the lower court, this appellant has not proceeded to exhaust his remedies in that court. Section 946 of the Code of Civil Procedure provides in part: "And the court below may in its discretion dispense with or limit the security required by this chapter, when the appellant is an executor, administrator, trustee, or other person acting in another's right." Not only does the petition fail to allege that such an application was made to the trial court, but on the oral argument it was admitted that no such application had been made. Inasmuch as the legislature has provided a method by which the trial court, in a proper case, may grant the stay, the appellate courts, assuming that they have the power, should not, except in some unusual emergency, exercise their power until the petitioner has first presented the matter to the trial court.

On the other hand, if the judgment is one falling within the category of those discussed in *Halsted* v. *First Nat. Bank,* 173 Cal. 605 [160 Pac. 1075]; *Cullinan* v. *Mercantile Trust Co.,* 193 Cal. 562 [226 Pac. 4]; *Kentfield* v. *Kentfield,* 4 Cal. (2d) 585 [51 Pac. (2d) 94], it may be that the trustee could not file a bond to stay a judgment against a nonappealing trustee. It is settled by those cases that an appeal by a beneficiary and the giving of a bond by him does not stay a judgment against a trustee. Those cases also establish the rule that this court possesses the power, upon a proper showing and in a proper case, to restrain a sale of trust assets, pending appeal, by the issuance of a *supersedeas.* The present case, however, does not present a situation where that power should be exercised. In the first place, the case of *Andrews* v. *Reidy,* which was pending in this court when the order to show

cause was issued, has since been decided, and such decision is now final (*ante*, p. 366 [60 Pac. (2d) 832]). That case was decided on grounds other than the usury point that may be involved on the present appeal. The present case, therefore, does not fall within the rule discussed in *Tucker* v. *Howe*, 217 Cal. 23 [17 Pac. (2d) 103].

In the second place, probable error has not been made to appear. From the rather incomplete and unsatisfactory showing, it appears that there were at least two grounds for the trial court's judgment, either of which would be sufficient to sustain it. ▉ We cannot presume error. This court must consider the rights of respondents as well as those of appellants. Affirmances must be contemplated as well as reversals; in fact, until the contrary is shown, the presumption is in favor of the lower court's decision. ▉ A *supersedeas* is issued usually to protect the appellate court's jurisdiction. If a stay can be granted only at the risk of destroying rights which would belong to the respondent if the judgment is affirmed, it cannot be said to be necessary or proper to the complete exercise of appellate jurisdiction. (*Hurlbert* v. *California Portland Cement Co.*, 161 Cal. 239 [118 Pac. 928, 38 L. R. A. (N. S.) 436]; 2 Cal. Jur. 465, sec. 217.) ▉ The present case is not one where the *status quo* may be maintained without injury to respondent Nuckolls. Not only is the money in the trust not drawing interest, but the balance of the trust estate consists of stocks and bonds that are subject to constant fluctuation. Why respondent, in whose favor the presumption exists as to the correctness of the trial court's decision, should be required to stand these losses has not been made to appear. No satisfactory reason has been advanced why, in this case, the normal processes of the law should not take their ordinary course.

For the foregoing reasons the application for the writ is denied and the order to show cause discharged.