[Civ. No. 44286. Second Dist., Div. Two. July 26, 1974.]

THOMAS MEYER, a Minor, etc., et al.,
Plaintiffs, Cross-complainants and Respondents, v.
JEAN JACQUES ARSENAULT,
Defendant, Cross-complainant and Respondent;
INSURANCE COMPANY OF NORTH AMERICA,
Cross-defendant and Appellant.

## Counsel

Wise, Kilpatrick & Clayton and R. J. Kilpatrick for Cross-defendant and Appellant.

Hirson & Horn, Alan M. Salkow, George W. Clements and Jerry Schwartz for Defendant, Cross-complainant and Respondent.

No appearance for Plaintiffs, Cross-complainants and Respondents.

## OPINION

**FLEMING, Acting P. J.**—Petition for writ of supersedeas.

Insurance Company of North America seeks to stay during the pendency of its appeal the enforcement of a superior court judgment under which, (1) an automobile liability insurance policy for $100,000 issued by INA to Arsenault was declared to have been in full force and effect at the time of a particular accident, and (2) damages of $100,000 for wrongful death as a result of the accident were entered in favor of plaintiffs Meyer against defendant Arsenault pursuant to stipulation of the Meyers and Arsenault.

INA has appealed that part of the judgment declaring the $100,000 policy in full force and effect at the time of the accident, and its appeal presents a substantial question of law.[1] Meanwhile the Meyers have initiated proceedings against Arsenault to execute on the judgment, and in turn Arsenault has notified INA that he will hold it liable for all loss of assets, loss of reputation, and injury from mental harassment that may result to him from execution by the Meyers, in the event the appellate courts determine, as did the superior court, that his insurance policy continued in full force and effect at the time of the accident.

■ Since INA was not a party to the stipulated judgment for $100,000 and since that judgment is not the subject of an appeal, INA is without direct means to stay enforcement of the judgment in favor of the Meyers against Arsenault pending determination of its appeal with respect to coverage. It also appears that if INA should pay the $100,000 judgment against Arsenault while its appeal is pending and then later win its suit, its chances of recouping the amount of the judgment from either the Meyers or Arsenault would be slender to nonexistent. It further appears that while no formal agreement was entered into by trial counsel to defer

---

[1] The legal issue on appeal is whether failure of the insurer in its notice of cancellation to advise the insured of the availability of assigned risk insurance, a notification required by Insurance Code section 652, nullifies the cancellation of the $100,000 policy, or whether it merely subjects the insurer to maximum damages that could result to the insured from lack of coverage by assigned risk insurance, in this instance $15,000 plus costs of defense.

execution on the stipulated judgment, all parties to the litigation assumed, initially at least, that the wrongful death action would await the outcome of the declaratory relief action.

Under these circumstances we believe issuance of the writ of supersedeas is appropriate to preserve the status quo while the appeal remains pending. (Code Civ. Proc., § 923.) ■ The writ of supersedeas is designed to prevent irreparable injury by staying proceedings pending appeal, and its benefits may be extended to one not a direct obligor under the judgment sought to be stayed. (*Kentfield* v. *Kentfield*, 4 Cal.2d 585, 587-588 [51 P.2d 94]; *Davis* v. *Custom Component Switches, Inc.*, 13 Cal.App. 3d 21, 27 [91 Cal.Rptr. 181]; *Estate of Murphy*, 16 Cal.App.3d 564, 569 [94 Cal.Rptr. 141].) In *Estate of Murphy* the court observed: "The appeal presents substantial issues relating to the interpretation of the trust terms and the administration of the trust. Should the trust property be distributed and appellants later prevail on appeal, the task of recovering the property and redistributing it would be enormous. Many of the beneficiaries reside in other states, which would further complicate the litigation which might follow."

■ We think the circumstances at bench are sufficiently extraordinary to warrant the use of supersedeas. We, therefore, direct the issuance of a writ to stay enforcement of the stipulated judgment against Arsenault during the time the appeal of INA remains pending and until final disposition of that appeal. As conditions of the writ we require a corporate surety bond in the amount of $150,000 (unless the parties stipulate to other arrangements) and strict compliance by INA with the minimum time requirements specified in California Rules of Court for prosecution of an appeal.

Let the writ issue.

Compton, J., and Beach, J., concurred.